JS 44   (Rev. 04/21)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court.  This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.   *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

## DEFENDANTS

**(b)** County of Residence of First Listed Plaintiff **Gloucester**
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant **Gloucester**
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF
THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*

**Jacqueline Vigilante, Vigilante Law Firm**
**99 N. Main Street, Mullica Hill, NJ 08062**

Attorneys *(If Known)*

**William F. Cook, Brown & Connery**
**360 N. Haddon Ave., Westmont, NJ 08108**

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- [ ] 1  U.S. Government
Plaintiff
- [X] 3  Federal Question
*(U.S. Government Not a Party)*
- [ ] 2  U.S. Government
Defendant
- [ ] 4  Diversity
*(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff*
*(For Diversity Cases Only)*                                        *and One Box for Defendant)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [ ] 1 | [ ] 1 | Incorporated *or* Principal Place of Business In This State | [X] 4 | [X] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated *and* Principal Place of Business In Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| [ ] 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | [ ] 625 Drug Related Seizure of Property 21 USC 881 | [ ] 422 Appeal 28 USC 158 | [ ] 375 False Claims Act |
| [ ] 120 Marine | [ ] 310 Airplane | [ ] 365 Personal Injury - Product Liability | [ ] 690 Other | [ ] 423 Withdrawal 28 USC 157 | [ ] 376 Qui Tam (31 USC 3729(a)) |
| [ ] 130 Miller Act | [ ] 315 Airplane Product Liability | [ ] 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | **INTELLECTUAL PROPERTY RIGHTS** | [ ] 400 State Reapportionment |
| [ ] 140 Negotiable Instrument | [ ] 320 Assault, Libel & Slander | | | [ ] 820 Copyrights | [ ] 410 Antitrust |
| [ ] 150 Recovery of Overpayment & Enforcement of Judgment | [ ] 330 Federal Employers' Liability | | | [ ] 830 Patent | [ ] 430 Banks and Banking |
| [ ] 151 Medicare Act | [ ] 340 Marine | [ ] 368 Asbestos Personal Injury Product Liability | | [ ] 835 Patent - Abbreviated New Drug Application | [ ] 450 Commerce |
| [ ] 152 Recovery of Defaulted Student Loans (Excludes Veterans) | [ ] 345 Marine Product Liability | **PERSONAL PROPERTY** | | [ ] 840 Trademark | [ ] 460 Deportation |
| [ ] 153 Recovery of Overpayment of Veteran's Benefits | [ ] 350 Motor Vehicle | [ ] 370 Other Fraud | **LABOR** | [ ] 880 Defend Trade Secrets Act of 2016 | [ ] 470 Racketeer Influenced and Corrupt Organizations |
| [ ] 160 Stockholders' Suits | [ ] 355 Motor Vehicle Product Liability | [ ] 371 Truth in Lending | [X] 710 Fair Labor Standards Act | | [ ] 480 Consumer Credit (15 USC 1681 or 1692) |
| [ ] 190 Other Contract | [ ] 360 Other Personal Injury | [ ] 380 Other Personal Property Damage | [ ] 720 Labor/Management Relations | **SOCIAL SECURITY** | [ ] 485 Telephone Consumer Protection Act |
| [ ] 195 Contract Product Liability | [ ] 362 Personal Injury - Medical Malpractice | [ ] 385 Property Damage Product Liability | [ ] 740 Railway Labor Act | [ ] 861 HIA (1395ff) | [ ] 490 Cable/Sat TV |
| [ ] 196 Franchise | | | [ ] 751 Family and Medical Leave Act | [ ] 862 Black Lung (923) | [ ] 850 Securities/Commodities/ Exchange |
| | | | [ ] 790 Other Labor Litigation | [ ] 863 DIWC/DIWW (405(g)) | [ ] 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | [ ] 791 Employee Retirement Income Security Act | [ ] 864 SSID Title XVI | [ ] 891 Agricultural Acts |
| [ ] 210 Land Condemnation | [ ] 440 Other Civil Rights | **Habeas Corpus:** | | [ ] 865 RSI (405(g)) | [ ] 893 Environmental Matters |
| [ ] 220 Foreclosure | [ ] 441 Voting | [ ] 463 Alien Detainee | | | [ ] 895 Freedom of Information Act |
| [ ] 230 Rent Lease & Ejectment | [ ] 442 Employment | [ ] 510 Motions to Vacate Sentence | | **FEDERAL TAX SUITS** | [ ] 896 Arbitration |
| [ ] 240 Torts to Land | [ ] 443 Housing/ Accommodations | [ ] 530 General | | [ ] 870 Taxes (U.S. Plaintiff or Defendant) | [ ] 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| [ ] 245 Tort Product Liability | [ ] 445 Amer. w/Disabilities - Employment | [ ] 535 Death Penalty | **IMMIGRATION** | [ ] 871 IRS—Third Party 26 USC 7609 | |
| [ ] 290 All Other Real Property | [ ] 446 Amer. w/Disabilities - Other | **Other:** | [ ] 462 Naturalization Application | | [ ] 950 Constitutionality of State Statutes |
| | [ ] 448 Education | [ ] 540 Mandamus & Other | [ ] 465 Other Immigration Actions | | |
| | | [ ] 550 Civil Rights | | | |
| | | [ ] 555 Prison Condition | | | |
| | | [ ] 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- [ ] 1  Original Proceeding
- [X] 2  Removed from State Court
- [ ] 3  Remanded from Appellate Court
- [ ] 4  Reinstated or Reopened
- [ ] 5  Transferred from Another District *(specify)*
- [ ] 6  Multidistrict Litigation - Transfer
- [ ] 8  Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*: **FLSA**

Brief description of cause: **Employment Litigation**

## VII. REQUESTED IN COMPLAINT:

- [ ] CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND:  [X] Yes  [ ] No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*

JUDGE _____   DOCKET NUMBER _____

DATE **8.6.24**

SIGNATURE OF ATTORNEY OF RECORD **/s/ William F. Cook**

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

**BROWN & CONNERY, LLP**
William F. Cook, Esq.
Joseph G. Antinori, Esq.
Jose A. Jimenez, Esq.
360 North Haddon Avenue
P.O. Box 539
Westmont, New Jersey 08108
Phone: 856.854.8900
Fax: 856.858.4967
*Attorneys for Defendant County of Gloucester*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| **JEANINE PHILIPS,**<br><br>          **Plaintiff,**<br><br>**v.**<br><br>**COUNTY OF GLOUCESTER, JOANN SCHNEIDER, TRACEY GIORDANO, ERIC CAMPO, JANE DOES 1-10 and JOHN DOES 1-10, in their individual and official capacities, j/s/a,**<br><br>          **Defendants.** | CIVIL ACTION NO.<br><br><br>**NOTICE OF REMOVAL BY DEFENDANTS COUNTY OF GLOUCESTER, JOANN SCHNEIDER, TRACEY GIORDANO, AND ERIC M. CAMPO, ESQ. ("GLOUCESTER COUNTY DEFENDANTS")** |

**TO:    CHIEF JUDGE AND JUDGES OF THE UNITED STATES**
       **DISTRICT COURT FOR THE DISTRICT OF NEW JERSEY**

**ON NOTICE TO:**

**Clerk of Court**
**Superior Court of New Jersey**
**Gloucester County Courthouse**
**1 North Broad Street**
**Woodbury, NJ 08096**

**Michelle M. Smith, Clerk**
**Superior Court of New Jersey**
**Hughes Justice Complex**
**25 W. Market Street**
**P.O. Box 971**
**Trenton, New Jersey 08625**

7PR6258

**The Vigilante Law Firm**
**Jacqueline M. Vigilante, Esq.**
**99 North Main Street**
**Mullica Hill, NJ 08062**
*Attorneys for Plaintiff*

**MADDEN & MADDEN, P.A.**
**Michael V. Madden, Esq.**
**108 Kings Highway East, Suite 200**
**P.O. Box 210**
**Haddonfield, New Jersey 08033**
*Attorneys for Defendants Joann Schneider,*
*Tracey Giordano, and Eric M. Campo, Esq.*

      **PLEASE TAKE NOTICE** that, pursuant to 28. U.S.C. §§ 1331, 1441, and 1446,

Defendant County of Gloucester (the "County"), removes this action from the Superior

Court of New Jersey, Law Division, Gloucester County to the United States District

Court for the District of New Jersey, and based upon the following:

      1.      On March 27, 2023, Plaintiff commenced this action in the Superior Court

of New Jersey, Law Division, Gloucester County, under docket number GLO-L-329-23.

*Attached hereto as **Exhibit A** is a true and accurate copy of Plaintiff's Complaint.*

      2.      On July 30, 2024, Plaintiff filed a Motion for Leave to Amend Complaint

on the state court docket which is currently returnable on August 30, 2024. In addition to

seeking to adding Chad M. Bruner as a Defendant, the Plaintiff in the proposed Amended

Complaint pleads a federal cause of action, specifically, pleading a violation of the Fair

Labor Standard Act, pursuant to 29 U.S.C. § 213(a)(1). *Attached hereto as **Exhibit B** is a*

*true and accurate copy of Plaintiff's Motion for Leave to Amend Complaint.*

      3.      On August 1, 2024, the Plaintiff submitted a revised proposed Amended

Complaint to the State Court. *Attached hereto as **Exhibit C** is a true and accurate copy of*

7PR6258

*Plaintiff's August 1, 2024 Letter to the State Court with attached revised Amended Complaint.*

4.      The County's notice of removal is timely filed, under 28 U.S.C. § 1446(b)(1), because this notice of removal of this civil action is filed within 30 days after the receipt by Defendants of the initial pleading setting forth the claim for relief upon which this action is claimed.

5.      The County's notice of removal satisfies the requirements under 28 U.S.C. § 1446(b)(2)(A), because all defendants who have been properly joined and served have consented to the removal of this action.

6.      Venue is proper, pursuant to 28 U.S.C. § 1441(a), because Gloucester County Superior Court is located within the District of New Jersey.

7.      This Court possesses original jurisdiction pursuant to 28 U.S.C. § 1331.

8.      Plaintiff asserts a federal claim in her Amended Verified Complaint in Lieu of Prerogative Writ, Jury Demand & Designation of Trial Counsel. Count V, asserts a violation of the Fair Labor Standards Act under 29 U.S.C. § 213(a)(1).

9.      This Court possesses supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

10.      In accordance with 28 U.S.C. § 1446(d), the Defendant County has provided Plaintiff with notice of the filing of this notice of removal, and will file a copy of the notice of removal with the Superior Court of New Jersey, Law Division, Gloucester County.

11.      Based on the foregoing, the state court action is properly removed.

7PR6258

12.     The Defendant County reserves the right to amend or supplement this notice of removal.

13.     The Defendant County appears solely for the purpose of removal and for no other purpose, and hereby reserves all rights and defenses.

**WHEREFORE**, the County prays that the instant matter be removed to the United States District Court for the District of New Jersey, and that this Court accepts jurisdiction and places this action on the docket for further proceedings.

Dated: August 6, 2024

                                        **BROWN & CONNERY, LLP**

                                        */s/ William F. Cook*
                                        William F. Cook, Esquire
                                        wcook@brownconnery.com
                                        360 Haddon Avenue
                                        Post Office Box 539
                                        Westmont, NJ  08108
                                        (856) 854-8900
                                        *Attorneys for County of Gloucester*

7PR6258

# EXHIBIT A

THE VIGILANTE LAW FIRM, P.C.
By: Jacqueline M. Vigilante, Esquire
Attorney I.D. No. 030961988
By: Christopher Ross, Esquire
Attorney I.D. No. 306212019
99 North Main Street
Mullica Hill, NJ 08062
856-223-9990
Attorneys for Plaintiff

| | | |
|---|---|---|
| JEANINE PHILIPS, | : | SUPERIOR COURT OF NEW JERSEY |
| | : | LAW DIVISION |
| Plaintiff, | : | GLOUCESTER COUNTY |
| v. | : | *Civil Action* |
| | : | |
| COUNTY OF GLOUCESTER, JOANN | : | DOCKET NO. |
| SCHNEIDER, TRACEY GIORDANO, | : | |
| ERIC M. CAMPO, JANE DOES 1-10 and | : | |
| JOHN DOES 1-10, in their individual and | : | **VERIFIED COMPLAINT IN LIEU OF** |
| official capacities, j/s/a, | : | **PREROGATIVE WRIT** |
| | : | |
| Defendants. | : | |

Plaintiff, Jeanine Philips, by and through her undersigned counsel and by way of Verified

Complaint in Lieu of Prerogative Writ and application for injunctive relief and declaratory action

pursuant to N.J.S.A. 2A:16-5, *et seq.* and for damages under the New Jersey Wage Payment Law,

the New Jersey Conscientious Employee Protection Act and the New Jersey Civil Rights Act,

against Defendants County of Gloucester, Joann Schneider, Tracey Giordano, Eric M. Campo, and

Jane Does 1-10 And John Does 1-10, avers and says:

<u>PRELIMINARY STATEMENT</u>

Plaintiff is the Confidential Aide to Gloucester County Sheriff Jonathon M. Sammons.

Due to targeted, unlawful and retaliatory action by Gloucester County officials, County Counsel

Eric Campo, County Chief Financial Officer Tracey Giordano, and County Human Resources

Director Joann Schneider, Plaintiff has not been paid wages since September 29, 2022 and has

been threatened with the termination of her state health insurance benefits to which she is entitled

by virtue of law.   Plaintiff seeks immediate injunctive relief preventing Defendants from moving forward with any action to terminate her benefits as such action would be unlawful and *ultra vires* and retaliatory.

JURISDICTION AND VENUE

1. The Court maintains personal jurisdiction over Defendants because the individual Defendants are citizens of the State of New Jersey and Defendant County of Gloucester  is a political subdivision of the State.

2. Venue is proper in Gloucester County because Defendants are domiciled and/or regularly engage in business in the County of Gloucester and all or a substantial part of the acts and/or omissions giving rise to the claims set forth herein occurred in Gloucester County.

PARTIES

3. Plaintiff Jeanine Philips is an adult individual who at all times pertinent hereto resided in Gloucester County, New Jersey.

4. The County of Gloucester is a political subdivision of the State of New Jersey that at all times pertinent hereto operated in and maintained principal offices in Gloucester County, New Jersey.

5. Tracey Giordano is an adult individual who at all times pertinent hereto was employed by the County of Gloucester as its Chief Financial Officer.

6. Joann Schneider is an adult individual who at all times pertinent hereto was employed by the County of Gloucester as its Director of Human Resources.

7. Eric M. Campo is an adult individual and attorney-at-law of the State of New Jersey who at all times pertinent hereto was employed as County Counsel for the County of Gloucester.

2

8. John and Jane Does 1-10 are employees and officials within the County of Gloucester who have served or currently serve in the role of human resources and business office and administration.

## FACTUAL BACKGROUND

1. At all times pertinent hereto, Plaintiff was employed as the Confidential Aide of Sheriff Jonathon M. Sammons and as such is and employee of and paid by the County of Gloucester.

2. In November 2021 Jonathon Sammons, a Republican, was elected to the position of Sheriff of Gloucester County.

3. Sheriff Sammons was sworn into office on December 29, 2021.

4. As the Sheriff, Sammons is a Constitutional officer elected as part of the executive branch of government and serves as the highest elected public law enforcement officer in the County.

5. The Gloucester County Sheriff's Office employs 114 people, some of whom are in the civil service and others who are non-civil service, appointed at the discretion of the Sheriff.

6. As Sheriff, Sammons is the executive of the Office of the Sheriff, responsible for the supervision, appointment, selection and promotion of all 114 employees of the Sheriff's Office.

7. As Sheriff, Jon Sammons has the full authority to appoint certain positions in the Sherriff's Office including his Confidential Aide.

8. As Sheriff, Jon Sammons has the full authority to set the schedule, duties responsibilities and time-keeping procedures for his Confidential Aide.

9. At the time he was sworn into office, Sheriff Sammons was assigned a departmental vehicle in which the County had installed GPS tracking devices.   Sheriff Sammons learned that

the prior Sheriff, a Democrat, did not have any GPS tracking on his county-issued vehicle, nor did the County Administrator. As a result, he ordered the GPS to be removed from his vehicle.

10. At the time of Sheriff Sammons' swearing in he appointed two Undersheriffs, a Chief Warrant Officer and a Confidential Aide.

11. Each such appointee underwent the County employee onboarding process, including enrollment in employee benefits.

12. Each such employee is a salaried employee, non-union, and exempt from overtime.

13. Each employee works forty (40) or more hours per week and their schedule and duty assignment is set by the Sheriff.

14. Each such employee's salary is set by the Sheriff consistent with the approved budget and salary ranges set forth in the salary ordinance, pursuant to N.J.S.A 40A:9-117.

15. The County Administration has no authority to set or interfere with the schedules or assignments for the aforesaid employees.

16. Plaintiff was appointed on January 3, 2022 to serve as the Confidential Aide to Sheriff Sammons.

17. Plaintiff's duties and responsibilities include assisting the Sheriff in the day-to-day operations of the Sheriff's Office, attending meetings and events as directed, handling confidential matters for the Sheriff, and other duties and responsibilities as directed in the sole discretion of the Sheriff.

18. At all times, Plaintiff performs these duties both at the office the Sheriff and in remote locations as directed by the Sheriff.

19. Since the beginning of her employment, Plaintiff recorded a bi-weekly time sheet which was submitted to the Sheriff for approval.

4

20. Said timesheet reported Plaintiff's start and end times, total hours worked as well as any paid time off for vacation, sick or personal.

21. Each timesheet was reviewed by the Sheriff, approved and submitted to the Sheriff Office payroll clerk who generates an Edmunds payroll report, which is approved by the Sheriff and submitted to the County Administration to process payroll for all Sheriff's Office personnel.

22. This has been the practice since January 2022 and practice continues to the present.

23. Upon receipt of the payroll report, the County processes payroll and pays each employee either by check or direct deposit.

24. The County utilizes a system called Kronos for County employees to scan in and out of the County buildings. The system uses a fingerprint scan. Kronos is an accountability system for union-based personnel, it is not linked to the Edmunds payroll system.

25. At all times beginning on January 3, 2022 Plaintiff submitted time sheets and did not utilize the County Kronos system.

26. As her job duties require her to maintain the confidentiality of the separately elected Office of the Sheriff, Plaintiff does not use the Kronos system as it would result in an unnecessary disclosure of confidential information, such as GPS location of the Sheriff.

27. At all times beginning on January 3, 2022 Plaintiff has submitted a verified bi-weekly timesheet each pay period.

28. In March 2022, the County issued a notice stating that all non-elected employees must utilize Kronos and threatened that those who did not comply with progressive discipline.

29. Despite that notice, from January 3, 2022 through September 2022, the County paid Plaintiff based on the submitted, verified payroll report and did not require Plaintiff to utilize Kronos.

5

30. The County took the position in the aforesaid notice that all non-elected employees must utilize Kronos pursuant to the County Policy-HR Manual, policies 7.5 and 8.3.

31. County Policy 7.5 regulating time and attendance makes no mention of Kronos and merely requires employees to follow their department's procedures for time and attendance.

32. At all times, the Plaintiff's department – which is the Office of the County Sheriff - does not require the use of Kronos for her position.

33. County Policy 8.3, a safety and security policy discusses the use of fingerprint scan into and out of the buildings is for safety and security policy; it is not a payroll policy.

34. Due to the confidential nature of Plaintiff's position, following the March 2022 memo, Plaintiff continued to report her hours through written timesheets which were approved by the Sheriff. The Sheriff's Office then submitted the payroll report through the Edmunds payroll system to the County.

35. At no time were the Plaintiff's timesheets questioned or investigated.

36. Plaintiff continued to be paid her salary based on the information in the Edmunds payroll reports through September 2022, at which time the County ceased paying her salary.

37. Plaintiff's payroll was stopped without any process at all.

38. At no time did the County recommend that Sheriff discipline Plaintiff for any reason. Similarly, the County never attempted its own disciplinary proceedings against Plaintiff.

39. At no time did the County inform Plaintiff that it would unilaterally cease paying her unless she complied with its demands.

40. Upon an inquiry made to the County by the Sheriff's payroll clerk, inquiring as to the payment of wages for Plaintiff which was due on October 13, 2022, Defendant Campo stated the

6

County is unable to pay employees who do not use Kronos. Camp further falsely accused Plaintiff of having a no-show job, despite all evidence to the contrary.

41. Defendant Campo's statement in a November 4, 2022 email responding to the payroll clerk's inquiry was false, as the County clearly had and has the capability to pay an employee who does not use Kronos, evidenced by the fact that it had paid Plaintiff since her appointment on January 3, 2022.

42. At all times, Defendants knew or should have known that not paying an employee violates the state and federal law, and doing so without any notice or process afforded to the employee violated the employee's civil rights.

43. Defendants Schneider and Giordano repeated Defendant Campo's false narrative regarding Plaintiff's position and refused to process her payroll.

44. At all times, Defendants Giordano and Schneider knew or should have known that refusing to pay an employee violated the employee's rights and state and federal law.

45. Despite months' worth of approved payroll reports, Defendants have repeatedly and falsely referred to Plaintiff as a no-show employee and to her position as a no-show job.

46. The County of Gloucester, which is controlled by a Democrat majority, has a politically-motivated interest in creating a false narrative about the Sheriff's Office   and its personnel for use against the Sheriff in the 2024 election.

47. The County has not paid Plaintiff since September 29, 2022 and owes more than six months' salary to Plaintiff.

48. The failure to pay Plaintiff wages due violates both state and federal law and her civil rights.

49. On or about October 28, 2022, Plaintiff filed a claim with the New Jersey Wage and Hour Division. In Plaintiff's complaint, she reported that Defendants refused to her pay since September 29, 2022.

50. The New Jersey Wage and Hour Division has attempted to conduct an investigation of Plaintiff's Complaint and Defendants have at all times refused to cooperate.

51. In January 2023, Defendant Campo issued an email threatening to terminate Plaintiff's health benefits effective April 1, 2023.

52. The termination of Plaintiff's health benefits is unwarranted, unlawful and retaliatory.

53. If Defendants believes that Plaintiff has violated the policies and work rules which apply to her employment, the County has employee policies and procedures which allow it to pursue discipline up to and including removal of any employee who violates the County's policies or standards of conduct.

54. Defendants have not utilized those policies and procedures because Defendants are fully aware that those policies do not apply to the Confidential Aide to the County Sheriff.

55. At no time have the Defendants recommended that Sheriff Sammons engage in discipline or any other process against Plaintiff to address any alleged violation of County policy.

56. Plaintiff has not received a single written warning, notice of discipline, reprimand or any other communication from Defendants regarding her alleged non-compliance with policy.

57. Defendants simply stopped paying the Plaintiff's salary and intend to terminate her employee benefits.

58. Plaintiff has received a notice that her health benefits will cease on April 1, 2023.

59. Health insurance and paid time off are non-monetary forms of compensation to which Plaintiff is entitled as part of her employment.

8

60. Defendants have effectively forced Plaintiff to work for free for six (6) months, which willful, knowing and deliberate conduct equates to a theft of services.

61. Defendants removed Plaintiff from the County's Organizational Chart issued in March 2023. Essentially, the County has un-appointed Plaintiff from her position as Confidential Aide.

62. Defendants not have the authority to remove Plaintiff from her position.

63. At all times, Defendants improper conduct is motivated by political animus toward Plaintiff and Sheriff Sammons. Defendants have a long history of harassing Sheriff Sammons in an effort to undermine his political success, including:

a. on January 3, 2022, Defendant Campo authored a letter on Gloucetser County letterhead to Acting Attorney General Andrew J. Bruck and Gloucester County Acting Prosecutor Christine Hoffman containing multiple false allegations about the new Republican Sheriff, requesting that the New Jersey AG's office and the GCPO open investigations into Sheriff Sammons.

b. The County also moved the Office of the Sheriff from its County Administration building to the former jail once it learned that a Republican was elected as Sheriff, physically separating the sheriff from all other County officials.

COUNT I
VIOLATION OF NEW JERSEY WAGE PAYMENT LAW
N.J.S.A 34:11-4.1

64. Plaintiff repeats the paragraphs above as though fully set forth.

65. New Jersey Wage Payment Law requires an employer to pay each employee the full amount of wages due at least twice during the calendar month on regular paydays designated in advance. Each regular payday must be no more than 10 working days after the end of the pay period for which payment is made.

66. At all times, Defendants' willful, knowing and deliberate conduct violated the Wage Payment Law.

67. As a direct and proximate result of Defendants' willful, knowing and deliberate unlawful conduct, Plaintiff has suffered and will continue to suffer damages, including economic loss, opportunity loss and statutory emotional distress.

WHEREFORE, Plaintiff Jeanine Philips demands judgment and an award of damages against the Defendants County of Gloucester, Joann Schneider, Tracey Giordano, Eric M. Campo, Jane Does 1-10 and John Does 1-10, jointly, severally and in the alternative, together with back pay, front pay, liquidated damages, attorneys fees, interest, costs of suit and any other relief the Court deems equitable and just.

COUNT II
CONSCIENTIOUS EMPLOYEE PROTECTION ACT

68. Plaintiff repeats the paragraphs above as though fully set forth.

69. At all times, Plaintiff engaged in protected activity by filing a complaint about the unlawful nonpayment of wages with the New Jersey Department of Labor, Wage and Hour Division.

70. Following Plaintiff's complaint, Defendants continued their willful, knowing and deliberate non-payment of wages and terminated Plaintiff's health insurance coverage.

71. Defendants' unlawful conduct constitutes unlawful retaliation in violation of CEPA.

72. As a direct and proximate result of Defendants' willful, knowing and deliberate unlawful conduct, Plaintiff has suffered and will continue to suffer damages, including economic loss, opportunity loss and statutory emotional distress.

WHEREFORE, Plaintiff Jeanine Philips demands judgment and an award of damages against the Defendants County of Gloucester, Joann Schneider, Tracey Giordano, Eric M. Campo, Jane Does 1-10 and John Does 1-10, jointly, severally and in the alternative, together with back pay, front pay, liquidated damages, attorneys fees, interest, costs of suit and any other relief the Court deems equitable and just.

COUNT III
DECLARATORY JUDGMENT PURSUANT TO N.J.S.A.
2A:16-5, *et seq*. AND DECLARING UNLAWFUL THE CESSATION IN COMPENSATION
AND TERMINATION OF BENEFITS

73. Plaintiff repeats the paragraphs above as though fully set forth.

74. At all times Plaintiff was an employee of the Office of the Sheriff of Gloucester County.

75. Pursuant to N.J.S.A. 40A:9-6,

> Any person who has held or who may hereafter hold, de facto, any office or position in the public service of any county or municipality, and who has or shall have performed the duties thereof, shall be entitled to the emoluments and compensation appropriate to such office or position for the time in fact so held and may recover therefor in any court of competent jurisdiction, notwithstanding any refusal or failure of any other person or officer to approve or authorize the payment of said emoluments and compensation.

76. Pursuant to N.J.S.A. 40A:9-6, Defendants are required to continue to pay Plaintiff her salary and to provide state health insurance and other benefits to which she is entitled.

77. The conduct of Defendants has violated N.J.S.A 40A:9-6.

78. The conduct of Defendants violated the New Jersey Wage Payment Law.

79. Taking and withholding Plaintiff's wages without due process violated Plaintiff's well established rights under well established law.

WHEREFORE, Plaintiff Jeanine Philips demands judgment against Defendants County of Gloucester, Joann Schneider, Tracey Giordano, Eric M. Campo, Jane Does 1-10 and John Does

1-10, jointly, severally and in the alternative, as follows:

    A.  Declaring the Defendants' conduct in ceasing salary payment to Plaintiff and terminating her health insurance is null and void and invalid;

    B.  Declaring Defendants' conduct is without legal authority and is void as a matter of law;

    C.  Enjoining Defendants from terminating Plaintiff's benefits;

    D.  Compelling Defendants to make Plaintiff whole for all losses she suffered and/or continue to suffer including lost wages, benefits, insurance and pension coverage, and any other fringe benefits of their employment resulting from any violation of N.J.S.A. 40A:9-6 and N.J.S.A. 34:11-4.1;

    E.  For an award of attorneys' fees, interest and costs of suit to Plaintiffs; and

    F.  For such other relief as the Court may deem equitable and just.

COUNT IV<br>
NEW JERSEY CIVIL RIGHTS ACT<br>
PLAINTIFF v. INDIVIDUAL DEFENDANTS

80. Plaintiff repeats the paragraphs above as though fully set forth.

81. The actions of individual Defendants Schneider, Giordano and Campo were taken under color of state law.

82. As a public employee in the State of New Jersey Plaintiff is entitled to due process protections from arbitrary action by Defendants.

83. As a public employee Plaintiff is entitled to her position without interference based on political retaliation under the New Jersey Civil Rights Act and New Jersey Constitution.

84. The individual Defendants were at all times responsible for paying county employees.

85. By refusing to pay Plaintiff, the said Defendants violated Plaintiff's due process and constitutional rights.

86. The said Defendants' conduct in this matter denied Plaintiff any process prior to taking wages she had earned and to which was entitled.

87. At all times, the said Defendants' actions were taken in deliberate indifference to Plaintiff's well established rights under the law. Said Defendants knew or should have known that not paying Plaintiff was unlawful and not reasonable under the law as established at the time they took said action.

88. At all times, the said Defendants' actions constituted a violation of Plaintiff's rights as they are protected by the New Jersey Civil Rights Act.

89. Plaintiff suffered damages as a direct result of Defendants' w unlawful actions, including lost pay and emotional distress.

90.     At all times, the said Defendants' actions as complained of above were willful, knowing, deliberate, wanton, malicious, and/or were made in reckless disregard of Plaintiff's civil rights and Plaintiff is entitled to receive an award of punitive damages.

WHEREFORE, Plaintiff Jeanine Philips respectfully requests that this Court enter a judgment in her favor and against Defendants Joann Schneider, Tracey Giordano and Eric Campo, jointly severally or in the alternative, as follows:

A.  Awarding Plaintiff back pay;

B.  Awarding Plaintiff compensatory damages;

C.  Awarding Plaintiff punitive damages;

D.  Awarding Plaintiff attorneys' fees and costs of suit; and

E.  Granting such other relief as the Court deems equitable and just.

13

THE VIGILANTE LAW FIRM, P.C.
*Attorneys for Plaintiff*

By: /s/ Jacqueline M. Vigilante
Jacqueline M. Vigilante, Esquire

Date: March 27, 2023


## DEMAND FOR TRIAL BY JURY

Demand is hereby made by Plaintiff for a trial by jury as to all issues on this cause of action.

## DESIGNATION OF TRIAL COUNSEL

Pursuant to Rule 4:25-4, Jacqueline M. Vigilante, Esquire of The Vigilante Law Firm, P.C. is hereby designated as trial counsel on behalf of Plaintiff.

## DEMAND TO PERSERVE EVIDENCE

Demand is hereby made to preserve all physical and electronic information pertaining in any way to the matters at issue in the Complaint, to Plaintiff's cause of action and/or prayers for relief, and pertaining to any party, including, but not limited to electronic data storage, digital images, computer images, cache memory, searchable data, email, spreadsheets, correspondence and memoranda and any other information and/or data and/or things and/or documents which may be relevant to any claim or defense in this litigation. Failure to do so will result in separate claims for spoliation of evidence and/or for appropriate adverse inferences.

## RULE 4:5-1 CERTIFICATION

I certify that the matter in controversy in this action is not the subject of any other action pending in any other court or of a pending arbitration proceeding and no other action or arbitration

proceeding is contemplated.   I further certify that I am unaware of any other persons who should

be named as parties in this action.

                                         THE VIGILANTE LAW FIRM, P.C.
*Attorneys for Plaintiff*

                                         By: /s/ Jacqueline M. Vigilante
Date: March 27, 2023                  Jacqueline M. Vigilante, Esquire

<u>VERIFICATION</u>

I, Jeanine Philips, do hereby certify that:

1.      I am the Plaintiff in the foregoing Complaint. The allegations of the Complaint are true to the best of my knowledge, information and belief. The Complaint is made in truth and in good faith and without collusion for the causes set forth therein.

2.      To the best of my knowledge and belief, this matter in controversy is not subject of any other action pending in any Court or of a pending arbitration proceeding, nor is any such proceeding contemplated at this time.

3.      To the best of my knowledge and belief, at this time there are no other parties who must be joined in this action.

I hereby certify that the foregoing statements made by me are true.  I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

*Jeanine Philips*
ID EZ6XJZEHtw5DL3QZLRQGpK7s

Jeanine Philips

Date:  March 27, 2023

THE VIGILANTE LAW FIRM, P.C.
By: Jacqueline M. Vigilante, Esquire
Attorney I.D. No. 030961988
By: Christopher Ross, Esquire
Attorney I.D. No. 306212019
99 North Main Street
Mullica Hill, NJ 08062
856-223-9990
Attorneys for Plaintiff

|  |  |
|---|---|
| JEANINE PHILIPS,<br><br>         Plaintiff,<br><br>v.<br><br>COUNTY OF GLOUCESTER, JOANN SCHNEIDER, TRACEY GIORDANO, ERIC CAMPO, JANE DOES 1-10 and JOHN DOES 1-10, in their individual and official capacities, j/s/a,<br><br>         Defendants. | SUPERIOR COURT OF NEW JERSEY<br>LAW DIVISION<br>GLOUCESTER COUNTY<br><br>    *Civil Action*<br><br>DOCKET NO.<br><br>**ORDER TO SHOW CAUSE<br>WITH TEMPORARY RESTRAINTS** |

THIS MATTER being brought before the Court by The Vigilante Law Firm, P.C. as attorneys for Plaintiff Jeanine Philips, seeking relief by way of summary action pursuant to Rule 4:67-1(a), based upon the facts set forth in the Verified Complaint filed herewith; and with the Court having determined that this matter may be commenced by Order to Show Cause as a summary proceeding to N.J.S.A 47:1A-6, and for good cause shown;

IT IS on this _____ day _____, 2023

ORDERED that Defendants appear before the Superior Court at the County Courthouse in Woodbury, New Jersey on _____, 2023 at _____ a.m. / p.m. or as soon thereafter as counsel may be heard as to why judgment should not be entered for Plaintiff as follows:

A. Restoring Plaintiff's status as the Confidential Aide to the Sheriff of Gloucester County on the County Organizational Chart and in any other way in which Plaintiff's status, employment and/or title was changed;

B. Restoring Plaintiff's status as an active full-time employee of the County of Gloucester;

C. Restoring Plaintiff to the County of Gloucester employee payroll system and employee benefit system;

D. Compelling Defendants to immediately issue payment to Plaintiff for all back pay for the period September 29, 2022 to the Present Date;

E. Enjoining Defendants from terminating Plaintiff's health insurance and other benefits of employment;

F. Compelling Defendants to make Plaintiff whole for all losses she suffered and/or continues to suffer including lost wages, benefits, insurance and pension coverage, and any other fringe benefits of her employment resulting from any action(s) taken by them;

G. Awarding Plaintiff attorneys' fees and costs of suit; and

H. For such other immediate relief as the Court may deem equitable and just.

IT IS FURTHER ORDERED that pending the return date of this Order to Show Cause, Defendants are hereby RESTRAINED and ENJOINED from terminating or in any way altering Plaintiff's status of employment, title, position, hours, compensation, health benefits, pension benefits and any other benefits to which she is entitled as a full-time Confidential Aide to the Sheriff of Gloucester County.

IT IS FURTHER ORDERED that:

1.  A copy of this Order to Show Cause, Verified Complaint and all supporting affidavits or certifications submitted in support of this application be served upon the Defendants personally within _____ days of the date hereof, in accordance with <u>R</u>. 4:4-3 and <u>R</u>. 4:4-4, this being original process.

2. Plaintiff must file with the Court his proof of service of the pleadings on the Defendants no later than three (3) days before the return date.

3. Defendants shall file and serve a written answer, an answering affidavit or a motion returnable on the return date to this order to show cause and the relief requested in the verified complaint and proof of service of the same by _____, 2023.  The answer, answering affidavit or a motion as the case may be, must be filed with the Clerk of the Superior Court in the county listed above and a copy of the papers must be sent directly to the Chambers of the Gloucester County Assignment Judge.

4. The Plaintiff must file and serve any written reply to the Defendants' order to show cause opposition by _____, 2023.  The reply papers must be filed with the Clerk of the Superior Court in the county listed above and a copy of the reply papers must be sent directly to the chambers of Judge _____.

5. If the Defendants do not file and serve opposition to this Order to Show Cause, the application will be decided on the papers of the return date and relief may be granted by default, provided that the plaintiff files a proof of service and a proposed form of Order at least three days prior to the return date.

6. If the Plaintiff has not already done so, a proposed form of Order addressing the relief sought on the return date (along with a self-addressed return envelope with return address and postage) must be submitted to the court no later than three (3) days before the return date.

7. **<u>DEFENDANTS</u>**: Take Notice that the Plaintiff has filed a lawsuit against you in the Superior Court of New Jersey.  The verified complaint attached to this Order to Show Cause states the basis of the lawsuit.  If you dispute this complaint, you, or your attorney, must file a written answer, an answering affidavit, or a motion returnable on the return date to the Order to Show Cause and proof of service before the return date of the Order to Show Cause.  These documents must be filed with the Clerk of the Superior Court in the county listed above, at the Finance Division, 70 Hunter Street, Woodbury, New Jersey, 08096.  A directory of these offices is available in the Civil Division Management Office in the county listed above and online at www.njcourts.gov/forms/10153_deptyclerklawref.pdf.  Include a $175.00 filing fee payable to the "Treasurer State of New Jersey."  You must also send a copy of your answer, answering affidavit, or motion to the Plaintiff's attorney whose name and address appear above, or to the plaintiff, if no attorney is named above.  A telephone call will not protect your rights; you must file and serve your answer, answering affidavit, or motion with the fee or judgment may be entered against you by default.

8. If you cannot afford an attorney, you may call Legal Services office in the county in which you live or the Legal Services of New Jersey Statewide Hotline at 1-888-LSNJ-LAW (1-888-576-5529).  If you do not have an attorney and are not eligible for free legal assistance you may obtain a referral to an attorney by calling one of the Lawyer Referral Services. A directory with contact information for local Legal Services Offices and Lawyer Referral Services is available in the Civil Division Management Office in the county listed above and online at www.njcourts.gov/forms/10153_deptyclerklawref.pdf.

9. The Court will entertain argument, but not testimony, on the return date of the Order to Show Cause, unless the Court and parties are advised to the contrary no later than _____ days before the return date.

_____

HON.

THE VIGILANTE LAW FIRM, P.C.
By: Jacqueline M. Vigilante, Esquire
Attorney I.D. No. 030961988
By: Christopher J. Ross
Attorney I.D. No. 306212019
99 North Main Street
Mullica Hill, NJ 08062
856-223-9990
Attorneys for Jeanine Philips

|  |  |
|---|---|
| JEANINE PHILIPS, | : SUPERIOR COURT OF NEW JERSEY<br>: LAW DIVISION<br>: GLOUCESTER COUNTY |
| Plaintiff, | : |
| v. | : *Civil Action* |
| COUNTY OF GLOUCESTER, JOANN SCHNEIDER, TRACEY GIORDANO, ERIC CAMPO, JANE DOES 1-10 and JOHN DOES 1-10, in their individual and official capacities, j/s/a, | : DOCKET NO. |
| Defendants. | : |

## PLAINTIFF JEANINE PHILIPS' BRIEF IN SUPPORT OF ORDER TO SHOW CAUSE AND VERIFIED COMPLAINT IN LIEU OF PREROGATIVE WRIT AND REQUEST FOR INJUNCTIVE RELIEF AND DECLARATORY ACTION

*On the Brief:*

Jacqueline M. Vigilante, Esquire
Christopher J. Ross, Esquire                    Date: March 27, 2023

Plaintiff Jeanine Philips files this Brief in support of her Verified Complaint and Order to Show Cause against Defendants County of Gloucester Joann Schneider, Tracey Giordano, Eric M. Campo, Jane Does 1-10 and John Does 1-10.

## INTRODUCTION

Plaintiff is the Confidential Aide to the Sheriff of Gloucester County, Jonathon M. Sammons. The position of Confidential Aide is an appointed position, falling under the sole authority of the Sheriff. Plaintiff's salary is set by the Sheriff pursuant to N.J.S.A. 40A:9-117. Plaintiff's responsibilities and duties include assisting the Sheriff in day-to-day operations, attending meetings and handling confidential matters for the Sheriff. Plaintiff is trusted with the Sheriff's confidential meetings and information.

Since the beginning of Plaintiff's appointment on January 3, 2022, Plaintiff has dutifully contributed to her employment and continues to work in the employ of the Sheriff. Since January 3, 2022 Plaintiff has been required to record a weekly timesheet which is submitted to the Sheriff for approval. These timesheets are reviewed by the Sheriff, and if approved, they are sent to the Sheriff's Office payroll clerk. The Sheriff's payroll clerk submits a payroll report through the County Payroll System known as Edmunds, to the Defendant County of Gloucester for approval. The County then pays the employee(s).

Despite months of following the normal protocol in March 2022, Defendants issued a memorandum that all non-elected employees (and thus, Plaintiff) are required to utilize Kronos, a program Defendants use for union and civil-service employees. Due to the confidential nature of Plaintiff's position, and as directed by the Sheriff, Plaintiff did not use Kronos and continued to report her time as had been past practice. Plaintiff's timesheets were never questioned or investigated. Despite the March 2022 directive, Defendants continued to pay Plaintiff. Plaintiff

has not been paid since September 29, 2022, the last pay check issued to her by Defendants. In or about October 2022, the Sheriff's Office inquired of Defendants to determine the status of Plaintiff's pay. In response to the inquiry, Defendant Campo stated the County does not pay employees who do not use Kronos. However, Defendants continued to pay Plaintiff for the better part of one (1) year without her using the Kronos system. Defendants also falsely claimed that Plaintiff was engaging in a no-show job, despite all evidence to the contrary.

Defendants claimed that all non-elected employees must utilize Kronos pursuant to the County Policy-HR Manual 7.5 and 8.3.  County Policy 7.5 regulating time and attendance makes no mention of Kronos and merely requires employees to follow their department's procedures for time and attendance.  In Plaintiff's case, her department – which is the Office of the Sheriff - does not require the use of Kronos for her position. County Policy 8.3, a safety and security policy discusses the use of fingerprint scan into and out of the buildings is for safety and security policy; it is not a payroll policy. Defendants stated that Kronos is necessary so that they can account for who is inside a County building in the case of an emergency. However, Kronos does not account for the presence of the County Commissioners, ROW Officers and/or members of the public who do not use Kronos.  In fact, Defendants refer to the Kronos system as an accountability system.

At no time during the months between Defendant's March 2022 memorandum and September 29, 2022 when Defendants stopped paying Plaintiff, did the Defendants issue a written warning, reprimand, notice or other communication to Plaintiff advising her that she was not in compliance with policies or procedures that pertain to her employment.

Plaintiff is now being threatened with the termination of her health benefits effective April 1, 2023. Additionally, the County has effectively un-appointed Plaintiff from her appointed

position as Confidential Aide to the Sheriff, by removing her from the County Organizational

Chart.

Plaintiff comes before this Court requesting an injunction to prevent the County from

terminating Plaintiff's health benefits and terminating her employment.

**FACTS**

Plaintiff incorporates by reference her Verified Complaint in Lieu of Prerogative Writ.

**LEGAL ARGUMENT**

**I.**   **STANDARD FOR PRELIMINARY INJUNCTION.**

Requests for preliminary injunctive relief may only be granted upon establishment of each

of the factors set forth by the New Jersey Supreme Court in Crowe v. De Gioia). Garden State

Equality v. Doe, 216 N.J. 314, 320 (2013). The moving party bears the burden of demonstrating:

1) irreparable harm is likely if the relief is denied; 2) the applicable underlying law is well-settled;

3) the material facts are not substantially disputed and there exists a reasonable probability of

ultimate success on the merits; and 4) the balance of the hardship to the parties favors the issuance

of the requested relief. Crowe v. De Gioia, 90 N.J. 126, 132-134 (1982). The moving party must

demonstrate the Crowe factors by clear and convincing evidence. Brown v. City of Paterson, 424

N.J.Super. 176, 183 (App.Div.2012).

**II.**   **PLAINTIFF CAN DEMONSTRATE THE CROWE FACTORS BY CLEAR AND
CONVINCING EVIDENCE**

**A.  Plaintiff may suffer irreparable harm if her requested relief is denied.**

Harm is considered irreparable in equity if it cannot be redressed adequately by monetary

damages. Crowe, 90 N.J. at 132-133. In certain instances, severe personal inconvenience can

constitute irreparable injury justifying the issuance of injunctive relief. <u>Hodge v. Giese</u>, 43 N.J.Eq. 342, 350 (Ch.1887).

If the Defendants' intended course of action is permitted to proceed, Defendants intends to terminate Plaintiff's health benefits on April 1, 2023. Additionally, Defendants have not paid Plaintiff in nearly six (6) months. Plaintiff has performed her job each and every week for which she has not been paid. The Defendants have been unjustly enriched by her services and have effectively stolen those services from the Plaintiff. The compensation package afforded to public employees of the County of Gloucester includes both the monetary compensation paid to an employee and non-monetary compensation in the form of a benefits package, which in this case includes health insurance, life insurance, the accrual of paid time off and pension contributions.

Public employment is often heralded for the kinds of non-monetary benefits afforded to its employees and often, those non-monetary benefits have a value far greater than can be compensated with money. In fact many public employees seek out public employment and stay in those positions, not for pay but for the benefits. By definition such benefits are non-monetary.

Plaintiff works full-time as the Confidential Aide for the County Sheriff, and she is enrolled in the Defendants' health insurance plan for her and for her family. She does not have health insurance coverage available through another source. The benefits are accrued through employment and earned by virtue of Plaintiff's appointed position. Additionally, based on the Defendants' proposed organizational chart, they seek to un-appoint Plaintiff from her position.

**B. The applicable underlying law is well settled and Plaintiff will likely succeed on her claims.**

As part of the burden, Plaintiff must make a preliminary showing of a reasonable probability of ultimate success on the merits. <u>Crowe</u>, 90 N.J. at 133 (citing <u>Ideal Laundry Co. v.</u>

Gugliemone, 107 N.J.Eq. 108, 115-16 (E. & A. 1930)). To ascertain whether a party has demonstrated a reasonable likelihood of success, a Court must make a determination of whether the material facts are in dispute and whether the applicable law is settled. *See* Id. Accordingly, while "a preliminary injunction should not issue where all material facts are controverted" in this case here is no dispute as to the dispute of material facts. Id. at 133.

Plaintiff brings four distinct claims:

i.   Violations of the New Jersey Wage Payment Law.

The New Jersey Wage Payment Law (WPL) governs the time and mode of payment of wages due to employees. N.J.S.A. 34:11-4.1 through -4.14. Generally, an employer must pay an employee at least twice during a calendar month. N.J.S.A. 34:11-4.2. Under the statute, wages are defined as "direct monetary compensation for labor or services rendered by an employee, where the amount is determined on a time, task, piece, or commission basis…" N.J.S.A. 34:11-4.1. An employee may maintain a private cause of action for an alleged violation of the law. N.J.S.A. 34:11-4.7; Winslow v. Corporate Express, Inc., 364 N.J.Super. 128, 136 (App.Div.2003).

Under the WPL, an employer must pay an employee at least twice during a calendar month. The Defendants' conduct is a *per se* violation of the statute as it has withheld Plaintiff's compensation since September 29, 2022. The material facts are undisputed. Defendants have withheld payment of wages, have not moved to discipline Plaintiff for failure to comply with a policy or procedure and have no legitimate basis for its actions. The Sheriff has continued to approve Plaintiff's timesheets confirming Plaintiff's hours worked, directly contradicting the Defendants' position that Plaintiff is a no-show employee. Plaintiff was paid for a better part of one (1) year despite not using Kronos—directly contradicting Defendants' claims that they cannot

pay employees who don't use Kronos. It is further undisputed that Plaintiff continues to work regardless of her pay status.

    ii. <u>New Jersey Conscientious Employee Protection Act.</u>

New Jersey's Conscientious Employee Protection Act ("CEPA") is a remedial statute that should be "construed liberally to effectuate its important social goal." <u>Battaglia v. United Parcel Serv., Inc.</u>, 214 N.J. 518, 555 (2013) (quoting <u>Abbamont v. Piscataway Twp. Bd. Of Educ.</u>, 138 N.J. 405, 431 (1994)). To establish a *prima facie* case under CEPA, a Plaintiff must demonstrate: 1) she reasonably believed that her employer's conduct was violating either a law, rule, or regulation promulgated pursuant to law or a clear mandate of public policy; 2) she engaged in protected activity; 3) she suffered an adverse employment action; 4) there was a causal link between that activity and the employment action. <u>Yurick v. State of New Jersey</u>, 184 N.J. 70, 78 (2005). If the Plaintiff meets this burden, the burden of production shifts to the defendant to articulate some legitimate, nondiscriminatory reason for its actions. <u>El Sioufi v. St. Peter's University Hosp.</u>, 382 N.J. Super. 145, 166 (App. Div. 2005). Ultimately, the Plaintiff bears the burden to show that the employers' articulated reasons are a pretext for retaliation. <u>Id</u>.

In the instant matter, Plaintiff reasonably believed that the Defendants' conduct (withholding her pay) was unlawful. To that end, on October 28, 2022 Plaintiff engaged in protected conduct by filing a formal complaint with the New Jersey Wage and Hour Division. The Division attempted to investigate Plaintiff's complaint but did not receive cooperation from the County. Plaintiff is now facing a termination of her health benefits in retaliation for failing to comply with a procedure that is not required for her employment. Defendants' threat to terminate Plaintiff's health benefits and un-appoint were made after her Complaint was filed with the New Jersey Wage and Hour Division.

The facts underlying Plaintiff's CEPA claim are not largely in dispute, and Plaintiff is likely to succeed on the merits of her claims. Plaintiff's reasonable belief is clear - under the Wage Payment Law, employers must pay employees at least twice a month. At the time of Plaintiff's complaint with the Division, she had been without pay for approximately one (1) month. Clearly, it is reasonable Plaintiff believed the Defendants' conduct was unlawful. It is also undisputed that Plaintiff filed a complaint with the New Jersey Wage and Hour Division regarding the Defendants' conduct. Defendants became aware of Plaintiff's complaint shortly after. After her complaint, Defendants informed Plaintiff that her health benefits are terminated effective on April 1, 2023. Additionally, after her complaint, Plaintiff has been removed from the Defendants' organizational chart.

ii.  <u>Declaratory Judgment Pursuant to N.J.S.A. 2A:16-5.</u>

<u>N.J.S.A.</u> 40A:9-6 provides:

> Any person who has held or who may hereafter hold, de facto, any office or position in the public service of any county or municipality, and who has or shall have performed the duties thereof, shall be entitled to the emoluments and compensation appropriate to such office or position for the time in fact so held and may recover therefor in any court of competent jurisdiction, notwithstanding any refusal or failure of any other person or officer to approve or authorize the payment of said emoluments and compensation.

A *de facto* officer, may, by their "good-faith rendering of services, acquire rights" entitling them to compensation. <u>Jersey City v. Dep't of Civ. Serv.</u>, 57 N.J. Super. 13, 37, 153 A.2d 757, 770 (App. Div. 1959). A *de facto* officer bears the burden of showing they acted in good faith and is thus entitled to compensation. <u>Jersey City</u>, 57 N.J. Super. at 37-38.

Plaintiff is a *de facto* officer. She was duly appointed by the Sheriff on January 3, 2022. She served in the position of Confidential Aide to the Sheriff since that date. Pursuant to New Jersey statute, the Sheriff is exclusively empowered to "select and employ the necessary deputies, chief clerks and other personnel." <u>N.J.S.A.</u> 40A:9-117. Furthermore more, the "compensation of the

personnel in the office of sheriff shall be paid at the same time and in the same manner as the county officers and employees are paid." Id. Plaintiff was appointed by the Sheriff pursuant to State statute. She has served as a Confidential Aide and has been employed for over one (1) year. The Sheriff has continued to certify Plaintiff's employment and approve her timesheets. The Defendants have no evidence to suggest that Plaintiff was not duly appointed and has not been actively employed and completing her duties and responsibilities. Plaintiff at all times has engaged in good-faith and continued her employment, despite the Defendants' actions in refusing to pay her.

 iii. <u>New Jersey Civil Rights Act.</u>

 Civil claims for a violation of the New Jersey Constitution can only be asserted by way of the NJCRA, which is interpreted analogous to Section 1983. <u>Martin v. Unknown U.S. Marshals,</u> 965 F. Supp. 2d 502, 548 (D.N.J. 2013). As a public employee, plaintiff is entitled to employment free from retaliation based on her political affiliation. She is entitled to due process before her benefits or wages are terminated; plaintiff has been afforded no such process.

**C. The potential harm to Plaintiff far outweighs the potential harm to the County.**

 The final <u>Crowe</u> factor requires the court to consider the relative hardships to the parties in granting or denying relief. <u>Crowe</u>, 90 N.J. at 134. The County faces no hardship. As explained above, the County intends to terminate Plaintiff's health benefits, and has already withheld six months of pay. The County's hardship is *de minimis*, it must simply cease its intended termination of Plaintiff's health benefits. The hardship to Plaintiff far outweighs any hardship to the Defendants.  Additionally, Defendants must keep Plaintiff in her appointment, as she is appointed pursuant to statute by the County Sheriff. The only "hardship" is that the Defendants will have to pay Plaintiff for the work she has performed and will continue to perform and to maintain the

benefits which are coincident to that employment. This is not a hardship, on the contrary it is actually what Defendants should have done all along.

Without injunction and preliminary relief, Plaintiff faces a significant hardship.  She has been without compensation for more than six (6) months. Now, Plaintiff faces a hardship of having her non-monetary compensation, in the form of health benefits, terminated. Plaintiff does not have benefits from any other source. Plaintiff has earned her benefits from her continued employment. Plaintiff continues to be employed while being prevented by Defendants from earning her accrued benefits. In the event Plaintiff or a covered family member has a medical emergency, she will be completely exposed. The potential harm to Plaintiff far outweighs the *de minimis* potential harm to the Defendants. Thus, the balancing of the hardships weighs heavily in favor of granting Plaintiff's request for a preliminary injunction.

**D.  Granting the injunction is in the public interest.**

While not specifically relevant to the <u>Crowe</u> analysis, granting the injunction against the Defendants is in the public interest. See <u>Garden State Equal. v. Dow</u>, 216 N.J. 314, 321 (2013) (<u>citing</u> <u>McNeil v. Legis. Apportionment Comm'n</u>, 176 N.J. 484 (2003)).

Here, New Jersey has specifically legislated the issue of wage and hour. Employees are required to be paid at least twice a month. Plaintiff is a public employee whose employer, the Defendant(s), refuses to pay her what is duly owed. The public benefits from the enforcement of New Jersey's wage and hour laws. Additionally, the public interest has an interest in preventing employers from canceling the health benefits of an employee who is continuing to be employed and continuing to work in good faith.

## **CONCLUSION**

For the foregoing reasons, Plaintiff respectfully requests that this Court grant the relief

sought in the Order to Show Cause and issue a preliminary injunction to prevent the County from

terminating Plaintiff's employment and/or health and other employment-related benefits and un-

appointing her from her position as Confidential Aide to the Sheriff of Gloucester County.

THE VIGILANTE LAW FIRM, P.C.
*Attorneys for Plaintiff*

By: /s/ Jacqueline M. Vigilante

Date: March 27, 2023

Jacqueline M. Vigilante, Esquire

11

THE VIGILANTE LAW FIRM, P.C.
By: Jacqueline M. Vigilante, Esquire
Attorney I.D. No. 030961988
By: Christopher Ross, Esquire
Attorney I.D. No. 306212019
99 North Main Street
Mullica Hill, NJ 08062
856-223-9990
Attorneys for Plaintiff

| | |
|---|---|
| JEANINE PHILIPS, | SUPERIOR COURT OF NEW JERSEY |
| | LAW DIVISION |
| Plaintiff, | GLOUCESTER COUNTY |
| v. | |
| | *Civil Action* |
| COUNTY OF GLOUCESTER, JOANN | |
| SCHNEIDER, TRACEY GIORDANO, ERIC | DOCKET NO. |
| CAMPO, JANE DOES 1-10 and JOHN | |
| DOES 1-10, in their individual and official | |
| capacities, j/s/a, | **ORDER** |
| | |
| Defendants. | |

THIS MATTER being brought before the Court by The Vigilante Law Firm, P.C. as

attorneys for Plaintiff Jeanine Philips, seeking relief by way of summary action pursuant to Rule

4:67-1(a), based upon the facts set forth in the Verified Complaint filed herewith; and with the

Court having reviewed the pleadings on file and hard the argument of cousin; and for other good

cause shown;

IT IS on this _____ day _____, 2023

ORDERED that Plaintiff's request for injunctive relief is hereby granted; and

IT IS FURTHER ORDERED and ADJUDGED as follows:

1. Defendants are hereby ordered to restore Plaintiff's status as the full-time Confidential

Aide to the Sheriff of Gloucester County on the County Organizational Chart and in any other

way in which Plaintiff's status, employment and/or title was changed;

A. Defendants are hereby ordered to restore Plaintiff's status as an active full-time employee of the County of Gloucester;

B. Defendants are hereby ordered to restore Plaintiff to the County of Gloucester employee payroll system and employee benefit system;

C. Defendants are hereby ordered to issue payment to Plaintiff for all back pay for the period September 29, 2022 to the present, within ten (10 ) days of the date of this Order;

D. Defendants are hereby ordered to restore Plaintiff's health insurance and all other benefits of employment to include but not be limited to pension benefits and paid time off and to ensure Plaintiff receives all credit toward same, to include pension credits, for the period September 29, 2022 to the present;

IT IS FURTHER ORDERED and ADJUDGED that this Court will consider an award of reasonable attorneys' fees and costs to Plaintiff upon the submission of an Certification of Attorneys' Fees and Costs by Plaintiff's counsel within ten (10) days of the date of this Order.

A true and correct copy of this Order shall be deemed served upon all counsel by way of electronic notification issued through eCourts. Any party not represented by counsel shall be served with a copy of same within seven (7) days of the date hereof.

_____

HON.

# Civil Case Information Statement

## Case Details: GLOUCESTER | Civil Part Docket# L-000329-23

**Case Caption:** PHILIPS JEANINE  VS COUNTY OF
GLOUCESTER

**Case Initiation Date:** 03/27/2023

**Attorney Name:** JACQUELINE M VIGILANTE

**Firm Name:** THE VIGILANTE LAW FIRM, PC

**Address:** 99 NORTH MAIN STREET

MULLICA HILL NJ 080620000

**Phone:** 8562239990

**Name of Party:** PLAINTIFF : Philips, Jeanine

**Name of Defendant's Primary Insurance Company**
(if known): None

**Case Type:** WHISTLEBLOWER / CONSCIENTIOUS EMPLOYEE
PROTECTION ACT (CEPA)

**Document Type:** Verified Complaint

**Jury Demand:** NONE

**Is this a professional malpractice case?**  NO

**Related cases pending:** NO

**If yes, list docket numbers:**

**Do you anticipate adding any parties (arising out of same
transaction or occurrence)?** NO

**Does this case involve claims related to COVID-19?** NO

**Are sexual abuse claims alleged by: Jeanine Philips?** NO

### THE INFORMATION PROVIDED ON THIS FORM CANNOT BE INTRODUCED INTO EVIDENCE
#### CASE CHARACTERISTICS FOR PURPOSES OF DETERMINING IF CASE IS APPROPRIATE FOR MEDIATION

**Do parties have a current, past, or recurrent relationship?** YES

**If yes, is that relationship:** Employer/Employee

**Does the statute governing this case provide for payment of fees by the losing party?** NO

**Use this space to alert the court to any special case characteristics that may warrant individual
management or accelerated disposition:**

**Do you or your client need any disability accommodations?** NO
**If yes, please identify the requested accommodation:**

**Will an interpreter be needed?** NO
**If yes, for what language:**

**Please check off each applicable category: Putative Class Action?** NO  **Title 59?** NO  **Consumer Fraud?** NO

I certify that confidential personal identifiers have been redacted from documents now submitted to the
court, and will be redacted from all documents submitted in the future in accordance with *Rule* 1:38-7(b)

03/27/2023
Dated

/s/ JACQUELINE M VIGILANTE
Signed

# EXHIBIT B

THE VIGILANTE LAW FIRM, P.C.
By: Jacqueline M. Vigilante, Esquire
Attorney I.D. No. 030961988
By: Christopher J. Ross, Esquire
Attorney I.D. No. 306212019
99 North Main Street
Mullica Hill, NJ 08062
856-223-9990
Attorneys for Plaintiff

| | |
|---|---|
| JEANINE PHILIPS,<br><br>                Plaintiff<br><br>v.<br><br>COUNTY OF GLOUCESTER, JOANN SCHNEIDER, TRACEY GIORDANO, ERIC CAMPO, JANE DOES 1-10 and JOHN DOES 1-10, in their individual and official capacities, j/s/a<br><br>                Defendants. | SUPERIOR COURT OF NEW JERSEY<br>LAW DIVISION<br>GLOUCESTER COUNTY<br>*Civil Action*<br><br>DOCKET NO. GLO-L-329-23<br><br>**NOTICE OF MOTION FOR LEAVE TO AMEND COMPLAINT** |

TO:   Michael V. Madden, Esquire          William F. Cook, Esquire
       Madden & Madden, P.A.               Andrew S. Brown, Esquire
       P.O. Box 210                        Brown & Connery, LLP
       Haddonfield, NJ 08062               360 Haddon Avenue
                                           Westmont, NJ 08108


       PLEASE TAKE NOTICE the on August 16, 2024 at 9:00 a.m. or as soon thereafter as

counsel may be heard, Plaintiff Jeanine Phillips will apply to the above-named Court located in

Woodbury, New Jersey for an Order granting Plaintiff leave to amend her Complaint under

Rule 4:9-1.

       In support of the within motion, Plaintiff will rely upon the Certification and other

supporting documents filed herewith.

       Pursuant to Rule 1:6-2(d), Plaintiff hereby requests oral argument if timely opposition is

filed.  A proposed form of Order is attached.

Discovery End Date:          September 25, 2024

Pretrial Conference:         Not Assigned

Trial Date:                  Not Assigned


                             THE VIGILANTE LAW FIRM, P.C.
                             Attorneys for Plaintiff

                             By: /s/ Jacqueline M. Vigilante
Date:  July 30, 2024         Jacqueline M. Vigilante, Esquire

THE VIGILANTE LAW FIRM, P.C.
By: Jacqueline M. Vigilante, Esquire
Attorney I.D. No. 030961988
By: Christopher Ross, Esquire
Attorney I.D. No. 306212019
99 North Main Street
Mullica Hill, NJ 08062
856-223-9990
Attorneys for Plaintiff

|  |  |
|---|---|
| JEANINE PHILIPS, <br><br> Plaintiff <br> v. <br><br> COUNTY OF GLOUCESTER, JOANN SCHNEIDER, TRACEY GIORDANO, ERIC CAMPO, JANE DOES 1-10 and JOHN DOES 1-10, in their individual and official capacities, j/s/a <br><br> Defendants. | SUPERIOR COURT OF NEW JERSEY <br> LAW DIVISION <br> GLOUCESTER COUNTY <br><br> *Civil Action* <br><br> DOCKET NO. GLO-L-329-23 <br><br><br> **CERTIFICATION OF SERVICE** |

I, Jacqueline M. Vigilante, of full age, do hereby certify as follows:

1. On the date reflected below, I did cause to be electronically filed a true and complete copy of Plaintiff's motion for leave and all supporting papers with Clerk of the Court, Law Division, Gloucester County Vicinage.

2. On the date reflected below, I did cause to be mailed a true and complete courtesy copy of the above-referenced pleadings to the Civil Judge assigned to handle motions.

3. I further certify on the date reflected below I did cause to be served a true and complete copy of the above-referenced pleadings *via* electronic notification issued by eCourts upon the following counsel of record:

Michael V. Madden, Esquire          William F. Cook, Esquire
Madden & Madden, P.A.               Brown & Connery, LLP
P.O. Box 210                        360 Haddon Avenue
Haddonfield, NJ 08062               Westmont, NJ 08108

THE VIGILANTE LAW FIRM, P.C.
Attorneys for Plaintiff

By: /s/ Jacqueline M. Vigilante

Date:  July 30, 2024                        Jacqueline M. Vigilante, Esquire

THE VIGILANTE LAW FIRM, P.C.
By: Jacqueline M. Vigilante, Esquire
Attorney I.D. No. 030961988
By: Christopher J. Ross, Esquire
Attorney I.D. No. 306212019
99 North Main Street
Mullica Hill, NJ 08062
856-223-9990
Attorneys for Plaintiff

| | |
|---|---|
| JEANINE PHILIPS,<br><br>       Plaintiff<br><br>v.<br><br>COUNTY OF GLOUCESTER, JOANN SCHNEIDER, TRACEY GIORDANO, ERIC CAMPO, JANE DOES 1-10 and JOHN DOES 1-10, in their individual and official capacities, j/s/a<br><br>       Defendants. | SUPERIOR COURT OF NEW JERSEY<br>LAW DIVISION<br>GLOUCESTER COUNTY<br><br>*Civil Action*<br><br>DOCKET NO. GLO-L-329-23<br><br>**CERTIFICATION OF COUNSEL** |

I, Jacqueline M. Vigilante, of full age, do hereby certify as follows:

1. I am an attorney-at-law of the State of New Jersey and a principal of The Vigilante Law Firm, P.C., attorneys for Plaintiff. I have personal knowledge of the facts set forth herein.

2. I make this Certification in support of Plaintiff's motion for leave to amend her Complaint under Rule 4:9-1.

3. This matter commenced on March 27, 2023 upon Plaintiff's filing of an Order to Show Cause and Verified Complaint in Lieu of Prerogative Writ, due to Defendant's refusal to pay wages to Plaintiff since September 29, 2022. See docket. At the time of filing, Defendants were threatening to terminate Plaintiff's employment-related benefits including health benefits, a position they reversed prior to the return date of Plaintiff's Order to Show Cause.

4. Plaintiff serves as the Confidential Aide to the Sheriff of Gloucester County, a position to which she was appointed on January 3, 2022.

5. Defendants assert that Plaintiff is required to utilize a timekeeping system known as Kronos in order to account for her work hours, and they are refusing to pay her on that basis, despite evidence that other of Defendants' employees do not utilize Kronos and are paid every week. Defendants continue to ignore the fact that Plaintiff follows the procedure set by the Sheriff of Gloucester County to account for her work hours, namely the submission of written time sheets, as many other of Defendants' employees have done or continue to do.

6. A Motion to Dismiss was filed by Defendants in response to the Verified Complaint, and the motion was denied by Order of the Hon. Darrell M. Fineman, J.S.C. on June 23, 2023. See Docket.

7. The parties have engaged in the exchange of paper discovery and have filed motiosn and cross motions on discovery disputes. During oral argument before the Court on June 20, 2024 on Defendant County's motion to compel, the undersigned advised the Court that Plaintiff would seek to amend her complaint to dismiss her claim(s) under the Conscientious Employee Protection Act. and to remove all claims for emotional distress. Plaintiff maintains her claims for other compensatory damages, punitive damages, attorneys fees, civil penalties and fines.

8. In addition Plaintiff seeks leave to amend because through the limited discovery which has been completed, Plaintiff has become aware of the identity of a person who is a party responsible in whole or in part for the damages she seeks to recover in this litigation, namely Chad M. Bruner, who served as the Administrator of the County of Gloucester at the time her cause of action arose. Plaintiff seeks leave to amend her Complaint to name Chad M. Bruner as a Defendant.

9. At the time of the filing of her Complaint, Plaintiff was unaware of the extent of the Mr. Bruner's role or of the acts committed by him leading to the damages incurred by her. Mr. Bruner as County Administrator committed various acts and/or provided direct instruction to subordinates

and peers to commit various acts causing in whole or in part the damages pled in Plaintiff's Complaint. But not for his acts, whether taken officially or in an individual capacity, Plaintiff would not have suffered her damages.

10. The Court has the authority to grant Plaintiff leave to amend her complaint under Rule 4:9-1, which provides that a party may amend a pleading by leave of court, "… which shall be freely given in the interests of justice …" Id.

11. The Court finds further authority in long-established case law. As held in <u>Franklin Med. Assn. v. Newark Pub.S</u>, 362 N.J. Super. 494, 828 A.2d 966 (2003),

"… The motion for leave to amend is required by rule to be liberally granted and without consideration of the ultimate merits of the amendment."

<u>Id</u>. at 506.

8. <u>Franklin</u> went on to hold that, "… as the achievement of substantial justice is the fundamental consideration, denial of such a motion in the 'interests of justice' is appropriate only when there would be undue prejudice to another party." <u>Id</u>.

12. There is no prejudice to Defendants as a result of this amendment to add Chad Bruner as a Defendant since the parties are still in the process of paper discovery and no depositions have been taken.  In addition, a motion to intervene has recently been filed by the Gloucester County Sheriff, Jonathan Sammons, a necessary party to this litigation. Indeed, it is Plaintiff who will suffer prejudice in the event Mr. Bruner is not named as a Defendant, particularly in the event the defenses of the existing individual Defendants (that they were subordinate to and acting at the direction of an immediate supervisor) are found meritorious.

13. In the interests of justice, Plaintiff respectfully seeks leave of Court to amend her Verified Complaint for the reasons set forth herein. A proposed form of Amended Complaint is appended hereto at <u>Exhibit A</u>.

I hereby certify the foregoing statements made by me are true and correct to the best of my knowledge, information, and belief. I am aware if any of the statements made by me are willfully false, I am subject to punishment.

THE VIGILANTE LAW FIRM, P.C.
Attorneys for Plaintiff

By: <u>/s/ Jacqueline M. Vigilante</u>

Date:  July 30, 2024           Jacqueline M. Vigilante, Esquire

THE VIGILANTE LAW FIRM, P.C.                             **EXHIBIT A**
By: Jacqueline M. Vigilante, Esquire
Attorney I.D. No. 030961988
By: Christopher Ross, Esquire
Attorney I.D. No. 306212019
99 North Main Street
Mullica Hill, NJ 08062
856-223-9990
Attorneys for Plaintiff

| | |
|---|---|
| JEANINE PHILIPS,<br><br>         Plaintiff,<br><br>v.<br><br>COUNTY OF GLOUCESTER, JOANN SCHNEIDER, TRACEY GIORDANO, CHAD BRUNER, ERIC CAMPO, JANE DOES 1-10 and JOHN DOES 3-10, in their individual and official capacities,<br><br>         Defendants. | SUPERIOR COURT OF NEW JERSEY<br>LAW DIVISION<br>GLOUCESTER COUNTY<br><br>*Civil Action*<br><br>DOCKET NO. GLO-L-000329-23<br><br>**AMENDED VERIFIED COMPLAINT IN LIEU OF PREROGATIVE WRIT, JURY DEMAND & DESIGNATION OF TRIAL COUNSEL** |

Plaintiff, Jeanine Philips files this Amended Verified Complaint by way of an Action in Lieu of Prerogative Writ and application for injunctive relief and declaratory action pursuant to N.J.S.A. 2A:16-5, *et seq*., and for damages, violations of the New Jersey Wage Payment Law, Law Against Discrimination, the New Jersey Civil Rights Act against Defendants Chad Bruner, Joann Schneider, Tracey Giordano, and Eric Campo Jane Does 1-10 And John Does 3-10 and for civil conspiracy, avers and says:

<u>PRELIMINARY STATEMENT</u>

Plaintiff is the Confidential Aide to Gloucester County Sheriff Jonathan Sammons.   She has worked in that capacity for the Gloucester County Sheriff since January 1, 2022.   She reports to the Sheriff and is assigned duties by the Sheriff as he determines.   In September 2022, the County of Gloucester, by its administrator and counsel, Chad Bruner and Eric Campo, with the aid

1

of the other individual defendants, terminated plaintiff from the County payroll system, withheld wages due her equal to almost two year's salary, motivated only by their own and their associates political gain, in attempt to target, harass and intimidate the Gloucester County Sheriff. At the time of the filing of this amended complaint Plaintiff has not been paid for more than 650 days.

<u>JURISDICTION and VENUE</u>

1. The Court may properly maintain personal jurisdiction over Defendants because the individual Defendants are citizens of the State of New Jersey and Defendant Gloucester County is a political subdivision of the State.

2. Venue is proper in Gloucester County because Defendants are domiciled and/or regularly engage in business in the County of Gloucester and all or a substantial part of the acts and/or omissions giving rise to the claims set forth herein occurred in Gloucester County.

<u>PARTIES</u>

3. Plaintiff Jeanine Philips is an adult individual residing in the County of Gloucester, State of New Jersey and is subject to the jurisdiction of this Court.

4. The County of Gloucester is a political subdivision of the State of New Jersey that at all times pertinent hereto operated in and maintained principal offices in Gloucester County, New Jersey, and is Plaintiff's employer.

5. Tracey Giordano is the Gloucester County Chief Financial Officer and its Treasurer and is responsible for the payroll, time and attendance of Gloucester County.

6. Joann Schneider is the Gloucester County Director of Human Resources.

7. Eric Campo serves as County Counsel, with power, duty and responsibility to manage all legal matters for the County.

2

8. Chad Bruner serves as the Administrator of Gloucester County in a statutory position for a term authorized by N.J.S.A. 40A: 9-42. He serves as the chief operating/executive officer of the County.

9. John and Jane Does are employees within Gloucester County who serve in the role of human resources business office professionals.

FACTUAL BACKGROUND

10. At all times pertinent hereto, Plaintiff was employed as the Confidential Aide of Sheriff Jonathan Sammons and as such is an employee of and paid by the County of Gloucester.

11. In November 2021, Jonathan Sammons, a Republican, was elected to the position of Sheriff of Gloucester County.

12. Sheriff Sammons was sworn into office on December 31, 2021.

13. As the Sheriff, Sammons is a Constitutional officer elected as part of the executive branch of government and serves as the highest elected public law enforcement officer in the County.

14. The Sheriff's authority as an employer is set forth in N.J.S.A 40A:9- 117 (hereinafter "Sheriff's Statute"), which states:

> The sheriff shall select and employ the necessary deputies, chief clerks and *other personnel*. The sheriff shall fix the compensation they shall receive in accordance with the generally accepted county salary ranges and within the confines of the sheriff's budget allocation set by the governing body. The annual compensation of the undersheriff shall not exceed 90% of the annual compensation of the sheriff. The compensation of the personnel in the office of Sheriff shall be paid at the same time and in the same manner as the county officers and employees are paid. The limitations on the salaries set herein shall not be construed to restrict any of said employees from participating in or benefiting from any cost of living bonus or longevity program provided for or established in the county.

15. The Gloucester County Sheriff's office employs over 100 people some of whom are in the civil service and others who are non-civil service, who are appointed at the discretion of the Sheriff.

16. As Sheriff, Sammons is the executive of the Office of the Sheriff, responsible for the supervision, appointment, selection and promotion of all of the employees of the Sheriff's Office.

17. At the time he was sworn into office, Sheriff Sammons was assigned a departmental vehicle in which the County had installed GPS tracking devices.   Sheriff Sammons learned that the prior Sheriff, a Democrat did not have any GPS tracking on his county-issued vehicle, nor did the County Administrator. As a result, he ordered the GPS to be removed from his vehicle.

18. At the time of his swearing in or shortly thereafter, Sheriff Sammons appointed two Undersheriffs, a Chief Warrant Officer and Plaintiff, as his Confidential Aide.

19. Since her appointment on or about January 1, 2022, Plaintiff has served as the Confidential Aide to Sheriff Sammons.

20. As the appointed Confidential Aide to the Sheriff, Plaintiff was added to the County's payroll system, known as Edmunds and enrolled in employee benefits, which included in healthcare and associated coverages and the state pension plan.

21.   Plaintiff is a salaried employee, exempt from overtime.

22. Plaintiff works 40 or more hours per week and her schedule and duty assignment is set by the Sheriff.

23. Plaintiff's salary is set by the Sheriff consistent with the approved budget and salary ranges set forth in the salary ordinance, pursuant to N.J.S.A 40A:9-117.

4

24. The County administration has no authority to set or interfere with the schedules or assignments made by the Sheriff for employees of the Office of the Sheriff.

25. Plaintiff's duties and responsibilities include assisting the Sheriff in the day to day operations of the Sheriff's office, attending meetings and events as directed, handling confidential matters for the Sheriff.

26. Plaintiff performs these duties both at the Office the Sheriff and in remote locations as directed by the Sheriff.

27. From January 1, 2022 through September 30, 2022, Plaintiff received her bi-weekly pay from the County.

28. The County has a system called Kronos for employees to record their time worked and the time they enter leave the County buildings. The system uses a fingerprint scan.

29. From the beginning of her employment until March 2022, the County never requested or informed Plaintiff that it expected her to use Kronos as a condition of employment.

30. From January 2022 until 2024, the County had no policy requiring its employees to use Kronos.

31. From the beginning of her employment, Plaintiff, at the direction of the Sheriff, did not use Kronos to log the time she worked.

32. As her job duties require her to maintain the confidentiality of the separately elected office of the Sheriff, Plaintiff does not use the Kronos system as it would result in an unnecessary disclosure of confidential information, such as GPS location of the Sheriff.

33. In March 2022, the County issued a notice stating that all non-elected employees must utilize Kronos, and threatened that those who did not comply with progressive discipline, citing County Policy -HR Manual 7.5 and 8.3.

34. County Policy 7.5 makes no mention of Kronos and merely requires employees to follow their department's procedures for time and attendance.

35. County Policy 8.3 is a Safety and Security policy, not a payroll policy, which discusses the use of fingerprint scan into and out of the buildings

36. Following receipt of the March 2022 notice, Plaintiff submitted bi-weekly timesheets in which she reported her hours each work day, total hours worked as well as any time off used for vacation, sick or personal.

37. Each timesheet was reviewed by the Sheriff, approved and submitted to the Sheriff Department payroll clerk who included Plaintiff's payroll in the payroll report submitted to the County payroll department bi-weekly.

38. Upon receipt of the payroll report, prior to September 30, 2022, the County processed payroll and paid each employee either by check or direct deposit.

39. Each and every week from March 2022 through September 30, 2022 Plaintiff has submitted a verified timesheet and was paid her bi-weekly salary.

40. Due to the confidential nature of her position, Plaintiff continued to report her hours through written timesheets which were approved by the Sheriff and submitted through payroll.

41. At no time have the time sheets questioned or investigated, or even returned for non-compliance.

42. Plaintiff continued to be paid her salary based on the information in her timesheets through September, at which time the County ceased paying her salary.

6

43. The County claimed Plaintiff's salary was in "dock hold status" for failure to use Kronos.

44. Prior to its action terminating Plaintiff's pay:

    a.   The County did not issue a written notice to Plaintiff that it would take such action

    b.   The County did not engage in the employee discipline process.

45. Upon an inquiry made to the County by a member of the Sheriff's staff about the non-payment of wages for Plaintiff, which was due with the payroll issued on October 13, 2022, County Counsel Defendant Eric M. Campo falsely advised that the County is unable to pay employees who do not use Kronos and falsely accused Plaintiff of having a no-show job, despite all evidence to the contrary.

46. Defendant Campo has misrepresented the County's ability to pay Plaintiff as the County clearly had the capability to pay an employee who does not use Kronos, evidenced by the fact that it had paid Plaintiff since January 2022.

47. A male employee of the Sheriff's Office, who was appointed by the prior Sheriff before January 2022 does not utilize Kronos.   He uses handwritten timesheets, and has been consistently paid his salary based on timesheets he submitted.

48. Joann Schneider and Tracey Giordano repeated the false narrative regarding plaintiff's position and refused to process her payroll.

49. Giordano and Schneider each knew or should have known that refusing to pay an employee violated the employee's rights under state and federal law.

50. Despite months' worth of approved times-sheets', the County Administration has repeatedly referred to Plaintiff as a no-show employee and to her position as a no-show job.

7

51. The County has not paid Plaintiff since September 29, 2022 and owes almost two years' salary to Plaintiff.

52. The failure to pay plaintiff wages due violates both state and federal law.

53. On or about November 2022, plaintiff filed a claim with the New Jersey Wage and Hour Division which attempted to conduct an investigation but has not received any cooperation from the County.

54. In January 2023, the County, through Defendant Campo, threatened to terminate Plaintiff's health benefits effective April 1, 2023.

55. The termination of Plaintiff's health benefits was unwarranted, unlawful and retaliatory. In April 2023, only as a result of the within civil action and the threat of injunctive relief which would have been granted by the Superior Court did the County reverse its decision to terminate Plaintiff's health benefits and reinstated same, without reinstating her salary.

56. The County did not reinstate the other emollients of the position, including Plaintiff's pension enrollment.

57. The County has not followed procedures to discipline Plaintiff prior to terminating her pay because it lacks the authority to issue discipline to the Plaintiff.

58. At no time has the County attempted to utilize any progressive discipline or other process against Plaintiff to address the alleged violation of county policy.

59. Under N.J.S.A 40A:9- 117, neither County, nor any of the individual defendants, had the authority to issue discipline to the Plaintiff; despite lacking that authority, Defendants imposed the highest form of discipline on Plaintiff, forcing her to work without pay.

60. In March 2023, the County removed Plaintiff from its organizational chart.

8

61. Despite removing plaintiff from its organizational chart and terminating her pay, the defendants continue to authorize Plaintiff's access to County equipment, buildings, County email, and continues to authorize Plaintiff's use of her County issued identification and keyfob.

62. Despite removing Plaintiff from its organizational chart and terminating her pay, the defendants continue to include the Plaintiff in meetings and to share confidential information with her.

63. Despite removing plaintiff from its organizational chart and terminating her pay, Plaintiff remains authorized by the County of Gloucester to use an employee email address at which she receives all emails distributed to County employees, and email directed to her by personnel in the Office of the Sheriff, outside agencies and County employees in her capacity as the Confidential Aide to the Sheriff.

64. For all intents and purposes, except for payment of wages, defendants have treated plaintiff as the Confidential Aide to the Sheriff.

65. The County's improper conduct is motivated by political animus toward Plaintiff and her boss, Sheriff Jonathan Sammons.

66. Sheriff Sammons is the first Republican to be elected as a Constitutional officer in Gloucester County in decades. When Sheriff Sammons became sheriff, the County administrator, counsel, officers and officials lost control over the largest budget and office in the County, which they previously used freely for patronage positions, and to conceal budget increases that they could not put in the County wide budget due to budget increase caps.

67. Defendants have targeted Plaintiff based on her political affiliation with the Sheriff.

68. By targeting the Plaintiff, Defendants conspired to undermine the Sheriff and his ability to run the Office of the Sheriff.

9

69. By referring to Plaintiff as a "no-show" employee, despite overwhelming evidence to the contrary, Defendants have conspired to undermine the Sheriff and to interfere with his 2024 re-election bid.

70. Plaintiff has received notice from the New Jersey Department of Treasury Division of Pensions and Benefits that her pension account will expire on September 30, 2024 due to failure to maintain active membership.

71. Despite ongoing active employment, Defendant has failed and continues to fail to report plaintiff's active employment to the New Jersey Department of Treasury Division of Pensions and Benefits.

72. Each Defendant knows or should know that as an employee who is designated by the County as exempt for purposes of overtime under the Fair Labor Standards Act ("FLSA) 29 U.S.C.213 (a)(1) as a bona fide administrative employees, plaintiff must be paid her full salary bi-weekly without regard to the number of hours worked. 29 C.F.R. §541.602(a).

73. In light of the federally mandated requirement that Defendants pay plaintiff's bi-weekly salary without regard to whether she has used the Kronos system demonstrates pretext.

10

## COUNT I
## VIOLATION OF NEW JERSEY WAGE PAYMENT LAW
## "WAGE THEFT LAW"- N.J.S.A 34:11-4.1

74. Plaintiff repeats the paragraphs above as though fully set forth.

75. New Jersey Wage Payment Law requires an employer to pay each employee the full amount of wages due at least twice during the calendar month on regular paydays designated in advance. Each regular payday must be no more than 10 working days after the end of the pay period for which payment is made.

76. Defendants have failed to pay plaintiff wages for more than 600 days.

77. Defendant's conduct violated the Wage Payment Law.

78. These violations have occurred and continue to occur each day, and each pay-period that payment of wages been withheld constitutes a separate violation.

79. As a direct and proximate result of Defendants' unlawful conduct, Plaintiff has suffered and will continue to suffer damages, including economic loss.

80. Plaintiff is entitled to liquidated damages in an amount not less than 200% of the improperly withheld wages.

81. Defendants should be held liable for civil penalties of not less than $2000 for each violation of the Wage Payment Law.

WHEREFORE, Plaintiff demands judgment and an award of damages against the defendants, jointly, severally and in the alternative, together with back pay, liquidated damages, attorneys' fees, interest, costs of suit and any other relief the Court deems equitable and just.

<u>COUNT II</u>
<u>DECLARATORY JUDGMENT PURSUANT TO N.J.S.A.</u>
<u>2A:16-5, *et seq.*</u>

82. Plaintiff repeats the paragraphs above as though fully set forth.

83. At all times Plaintiff was an employee of the Office of the Sheriff of Gloucester County.

84. At all times relevant hereto, Plaintiff was the duly appointed Confidential Aide of the Sheriff of Gloucester County, rendered the services required of such public office, without bad faith, dishonesty, or fraud.

85. At all times, Plaintiff was recognized by the Sheriff of Gloucester County, Defendants, County employees and the public as the Confidential Aide to the Sheriff.

86. Pursuant to N.J. Stat. § 40A:9-6:

Any person who has held or who may hereafter hold, de facto, any office or position in the public service of any county or municipality, and who has or shall have performed the duties thereof, shall be entitled to the emoluments and compensation appropriate to such office or position for the time in fact so held and may recover therefor in any court of competent jurisdiction, notwithstanding any refusal or failure of any other person or officer to approve or authorize the payment of said emoluments and compensation.

87. Pursuant to <u>N.J.S.A.</u> §40A:9-6, Plaintiff is entitled to such emoluments and compensation including salary and other benefits of the position.

88. The County is required to pay Plaintiff her salary and to provide state health insurance and pension contributions and other benefits to which she is entitled.

89. The conduct of Defendants has violated N.J.S.A 40A:9-6.

WHEREFORE, Plaintiff demands judgment against the defendant and an Order in favor of the Plaintiffs against Defendants as follows:

a. Declaring that Plaintiff is the *de facto* public officer performing the position of Confidential Aide to the Sheriff of Gloucester County and is entitled to such emoluments and compensation including salary and other benefits of the position,

12

including pension contributions.

b. Declaring Defendants conduct of withholding plaintiff's pay and failing to contribute to her pension to be unlawful under N.J.S.A. 40A:9-6 and N.J.S.A. 34:11-4.1.

c. Ordering Defendants to pay plaintiff all wages improperly and unlawfully withheld, plus a sum to compensate Plaintiff for any adverse tax consequences and to reinstate Plaintiff as an active enrollee in the state pension.

d. For an award of attorneys' fees, interest and costs of suit to Plaintiffs; and

e. For such other relief as the Court may deem equitable and just.

**COUNT III**
**NEW JERSEY CIVIL RIGHTS ACT**
**PLAINTIFF V. INDIVIDUAL DEFENDANTS**

90. Plaintiff repeats the paragraphs above as though fully set forth.

91. A The actions of individual Defendants Schneider, Giordano, Bruner and Campo were taken under color of state law.

92. As a public employee in the State of New Jersey Plaintiff is entitled to due process protections from arbitrary action by her employer and its official, officers, directors and employees.

93. As a public employee Plaintiff is entitled to her position without interference based on political affiliation under the New Jersey Civil Rights Act and New Jersey Constitution.

94. The individual Defendants were at all times responsible for the process of paying county employees, including plaintiff, pursuant to the New Jersey Wage Payment Law and the federal Fair Labor Standards Act.

95. Defendants knew or should have known that plaintiff has a constitutionally protected right to her employment, including the right to be paid for work performed and that, at a minimum, prior to taking any action to suspend plaintiff or to take a disciplinary deduction from her pay,

13

plaintiff was entitled to notice of any charges against, and an opportunity to be heard.

96. At all times, Defendants' actions were taken in deliberate indifference to Plaintiff's well established rights under the law. Said Defendants knew or should have known that not paying Plaintiff was unlawful and not reasonable under the law as established at the time they took said action.

97. At all times, the said Defendants' actions constituted a violation of Plaintiff's rights as they are protected by the New Jersey Civil Rights Act.

98. Plaintiff suffered damages as a direct result of Defendants' unlawful actions.

99. At all times, the said Defendants' actions as complained of above were willful, knowing, deliberate, wanton, malicious, and/or were made in reckless disregard of Plaintiff's civil rights and Plaintiff is entitled to receive an award of punitive damages.

WHEREFORE, plaintiff demands judgment and an award of damages against the defendants, jointly, severally and in the alternative, together with back pay, liquidated damages, attorneys' fees, interest, costs of suit and any other relief the Court deems equitable and just.

### COUNT IV
### VIOLATIONS OF THE FAIR LABOR STANARDS ACT
### 29 U.S.C.8213 (a)(1)
### PLAINTIFF V. COUNTY OF GLOUCESTER

100. Plaintiff repeats the paragraphs above as though fully set forth.

101. The Fair Labor Standards Act ("FLSA) 29 U.S.C. 206-207 requires that employers pay a minimum wage and overtime for hours worked in excess of 40 hours per week, unless they are exempt under the FLSA exemptions.

102. The FLSA exemptions are set forth in Section 213 of the FLSA, 29 U.S.C.213 (a)(1) and for purposes of this matter include an exemption for bona fide administrative employees.

103. The FLSA applies to public sector employees, such as the plaintiff.

104. Defendant, Gloucester County has determined that Plaintiff's position is exempt under the exemption which applies to bona fide administrative employees.

105. Defendant has deducted 100% of plaintiff's wages because she did not utilize a timekeeping system defendant has in place for hourly workers.

106. Such a deduction is in violation of the FLSA.

107. To the extent that Kronos would be used to track plaintiff's hours worked and result in deductions to plaintiff's wages, Defendant would fail to meet its burden of proving an exemption applied and owes Plaintiff, and similarly situated employees, overtime for all hours worked each week in excess of 40.

WHEREFORE, plaintiff demands judgment and an award of damages against the defendants, jointly, severally and in the alternative, together with back pay, liquidated damages, attorneys fees, interest, costs of suit and any other relief the Court deems equitable and just.

THE VIGILANTE LAW FIRM, P.C.
*Attorneys for Plaintiff*

By: /s/ Jacqueline M. Vigilante
Date: July 30, 2024                    Jacqueline M. Vigilante, Esquire

15

DEMAND FOR TRIAL BY JURY

Demand is hereby made by Plaintiff for a trial by jury as to all issues on this cause of action.

DESIGNATION OF TRIAL COUNSEL

Pursuant to Rule 4:25-4, Jacqueline M. Vigilante, Esquire of The Vigilante Law Firm, P.C. is hereby designated as trial counsel on behalf of Plaintiff.

CERTIFICATION PURSUANT TO R. 4:5-1

I certify that the matter in controversy in this action is not the subject of any other action pending in any other court or of a pending arbitration proceeding and no other action or arbitration proceeding is contemplated.   I further certify that I am unaware of any other persons who should be named as parties in this action.

CERTIFICATION OF COMPLIANCE WITH RULE 1:38-7(b)

I certify that confidential personal identifiers have been redacted from documents now submitted to the Court and will be redacted from all documents submitted in the future in accordance with Rule 1:38-7(b).

THE VIGILANTE LAW FIRM, P.C.
*Attorneys for Plaintiff*

By: /s/ Jacqueline M. Vigilante

Date: July 30, 2024              Jacqueline M. Vigilante, Esquire

16

THE VIGILANTE LAW FIRM, P.C.
By: Jacqueline M. Vigilante, Esquire
Attorney I.D. No. 030961988
By: Christopher J. Ross, Esquire
Attorney I.D. No. 306212019
99 North Main Street
Mullica Hill, NJ 08062
856-223-9990
Attorneys for Plaintiff

| | |
|---|---|
| JEANINE PHILIPS,<br><br>         Plaintiff<br><br>v.<br><br>COUNTY OF GLOUCESTER, JOANN SCHNEIDER, TRACEY GIORDANO, ERIC CAMPO, JANE DOES 1-10 and JOHN DOES 1-10, in their individual and official capacities, j/s/a<br><br>         Defendants. | SUPERIOR COURT OF NEW JERSEY<br>LAW DIVISION<br>GLOUCESTER COUNTY<br>         *Civil Action*<br><br>DOCKET NO. GLO-L-329-23<br><br>**ORDER FOR LEAVE TO FILE AMENDED VERIFIED COMPLAINT** |

THE ABOVE MATTER coming before the Court by The Vigilante Law Firm, P.C., attorneys for Plaintiff, on motion for leave to amend her Complaint; with the Court having review the pleadings on file, to include the motion and any responses thereto; and with the Court having heard the argument of counsel, if any; and for other good cause shown;

IT IS on this _____ day of _____, 2024 OREDERED and ADJUDGED that Plaintiff's motion is GRANTED. Plaintiff is hereby granted leave of Court to amend her Complaint. The said Amended Complaint shall be filed within ten (10) days of the date of this Order.

A true and correct copy of this Order shall be deemed served upon all counsel of record by way of electronic notification issued through eCourts. Any party not represented by counsel shall be served with a copy of the Order within seven (7) days of the date hereof.

_____
HON.


\_\_\_\_\_ Opposed

\_\_\_\_\_ Unopposed

\_\_\_\_\_ Reasons Stated on the Record

**EXHIBIT C**





JACQUELINE M. VIGILANTE, ESQUIRE
NEW JERSEY SUPREME COURT CERTIFIED CIVIL TRIAL ATTORNEY
**Direct Dial**: 856-223-9990
**Email:** jacci@thevigilantelawfirm.com

August 1, 2024

_Via_ Electronic Filing
Hon. Benjamin D. Morgan, J.S.C.
Gloucester County Superior Court
1 North Broad Street
Woodbury, NJ 08096

    Re:   Philips v. Gloucester County, _et al._
          Docket No. GLO-L-329-23

Dear Judge Morgan:

    This office serves as counsel for Plaintiff Jeanine Philips. Currently pending before the Court is Plaintiff's Motion for Leave to Amend Complaint, returnable on August 16, 2024.

    Attached hereto is an revised form of <u>Exhibit A</u> to Plaintiff's motion, which is the proposed form of Amended Complaint that Plaintiff seeks leave to file. Counsel for the individual defendants pointed out that the undersigned failed to amend Count One in the proposed Amended Complaint to reflect the dismissal by Court order of Plaintiff's wage payment claim as to his clients Joann Schneider, Tracey Giordano and Eric M. Campo. The attached revised form of Amended Complaint reflects this change. Plaintiff hereby amends her motion to submit the attached <u>Exhibit A</u> as and for the proposed form of Amended Complaint which she seeks leave to file.

                        Respectfully submitted,
                        THE VIGILANTE LAW FIRM, P.C.

                        By: _/s/ Jacqueline M. Vigilante_
                        Jacqueline M. Vigilante, Esquire

JMV:nlm
cc:  All Counsel of Record
     Client

**EXHIBIT A**

THE VIGILANTE LAW FIRM, P.C.
By: Jacqueline M. Vigilante, Esquire
Attorney I.D. No. 030961988
By: Christopher Ross, Esquire
Attorney I.D. No. 306212019
99 North Main Street
Mullica Hill, NJ 08062
856-223-9990
Attorneys for Plaintiff

| | |
|---|---|
| JEANINE PHILIPS,<br><br>        Plaintiff,<br><br>v.<br><br>COUNTY OF GLOUCESTER, JOANN SCHNEIDER, TRACEY GIORDANO, CHAD BRUNER, ERIC CAMPO, JANE DOES 1-10 and JOHN DOES 3-10, in their individual and official capacities,<br><br>        Defendants. | SUPERIOR COURT OF NEW JERSEY<br>LAW DIVISION<br>GLOUCESTER COUNTY<br><br>*Civil Action*<br><br>DOCKET NO. GLO-L-000329-23<br><br>**AMENDED VERIFIED COMPLAINT IN LIEU OF PREROGATIVE WRIT, JURY DEMAND & DESIGNATION OF TRIAL COUNSEL** |

Plaintiff, Jeanine Philips files this Amended Verified Complaint by way of an Action in Lieu of Prerogative Writ and application for injunctive relief and declaratory action pursuant to N.J.S.A. 2A:16-5, *et seq*., and for damages, violations of the New Jersey Wage Payment Law, Law Against Discrimination, the New Jersey Civil Rights Act against Defendants Chad Bruner, Joann Schneider, Tracey Giordano, and Eric Campo Jane Does 1-10 And John Does 3-10 and for civil conspiracy, avers and says:

<u>PRELIMINARY STATEMENT</u>

Plaintiff is the Confidential Aide to Gloucester County Sheriff Jonathan Sammons.   She has worked in that capacity for the Gloucester County Sheriff since January 1, 2022.   She reports to the Sheriff and is assigned duties by the Sheriff as he determines.   In September 2022, the County of Gloucester, by its administrator and counsel, Chad Bruner and Eric Campo, with the aid

1

of the other individual defendants, terminated plaintiff from the County payroll system, withheld wages due her equal to almost two year's salary, motivated only by their own and their associates political gain, in attempt to target, harass and intimidate the Gloucester County Sheriff. At the time of the filing of this amended complaint Plaintiff has not been paid for more than 650 days.

<u>JURISDICTION and VENUE</u>

1. The Court may properly maintain personal jurisdiction over Defendants because the individual Defendants are citizens of the State of New Jersey and Defendant Gloucester County is a political subdivision of the State.

2. Venue is proper in Gloucester County because Defendants are domiciled and/or regularly engage in business in the County of Gloucester and all or a substantial part of the acts and/or omissions giving rise to the claims set forth herein occurred in Gloucester County.

<u>PARTIES</u>

3. Plaintiff Jeanine Philips is an adult individual residing in the County of Gloucester, State of New Jersey and is subject to the jurisdiction of this Court.

4. The County of Gloucester is a political subdivision of the State of New Jersey that at all times pertinent hereto operated in and maintained principal offices in Gloucester County, New Jersey, and is Plaintiff's employer.

5. Tracey Giordano is the Gloucester County Chief Financial Officer and its Treasurer and is responsible for the payroll, time and attendance of Gloucester County.

6. Joann Schneider is the Gloucester County Director of Human Resources.

7. Eric Campo serves as County Counsel, with power, duty and responsibility to manage all legal matters for the County.

8. Chad Bruner serves as the Administrator of Gloucester County in a statutory position for a term authorized by N.J.S.A. 40A: 9-42. He serves as the chief operating/executive officer of the County.

9. John and Jane Does are employees within Gloucester County who serve in the role of human resources business office professionals.

<u>FACTUAL BACKGROUND</u>

10. At all times pertinent hereto, Plaintiff was employed as the Confidential Aide of Sheriff Jonathan Sammons and as such is an employee of and paid by the County of Gloucester.

11. In November 2021, Jonathan Sammons, a Republican, was elected to the position of Sheriff of Gloucester County.

12. Sheriff Sammons was sworn into office on December 31, 2021.

13. As the Sheriff, Sammons is a Constitutional officer elected as part of the executive branch of government and serves as the highest elected public law enforcement officer in the County.

14. The Sheriff's authority as an employer is set forth in N.J.S.A 40A:9- 117 (hereinafter "Sheriff's Statute"), which states:

> The sheriff shall select and employ the necessary deputies, chief clerks and *other personnel*. The sheriff shall fix the compensation they shall receive in accordance with the generally accepted county salary ranges and within the confines of the sheriff's budget allocation set by the governing body. The annual compensation of the undersheriff shall not exceed 90% of the annual compensation of the sheriff. The compensation of the personnel in the office of Sheriff shall be paid at the same time and in the same manner as the county officers and employees are paid. The limitations on the salaries set herein shall not be construed to restrict any of said employees from participating in or benefiting from any cost of living bonus or longevity program provided for or established in the county.

3

15. The Gloucester County Sheriff's office employs over 100 people some of whom are in the civil service and others who are non-civil service, who are appointed at the discretion of the Sheriff.

16. As Sheriff, Sammons is the executive of the Office of the Sheriff, responsible for the supervision, appointment, selection and promotion of all of the employees of the Sheriff's Office.

17. At the time he was sworn into office, Sheriff Sammons was assigned a departmental vehicle in which the County had installed GPS tracking devices.   Sheriff Sammons learned that the prior Sheriff, a Democrat did not have any GPS tracking on his county-issued vehicle, nor did the County Administrator. As a result, he ordered the GPS to be removed from his vehicle.

18. At the time of his swearing in or shortly thereafter, Sheriff Sammons appointed two Undersheriffs, a Chief Warrant Officer and Plaintiff, as his Confidential Aide.

19. Since her appointment on or about January 1, 2022, Plaintiff has served as the Confidential Aide to Sheriff Sammons.

20. As the appointed Confidential Aide to the Sheriff, Plaintiff was added to the County's payroll system, known as Edmunds and enrolled in employee benefits, which included in healthcare and associated coverages and the state pension plan.

21.   Plaintiff is a salaried employee, exempt from overtime.

22. Plaintiff works 40 or more hours per week and her schedule and duty assignment is set by the Sheriff.

23. Plaintiff's salary is set by the Sheriff consistent with the approved budget and salary ranges set forth in the salary ordinance, pursuant to N.J.S.A 40A:9-117.

24. The County administration has no authority to set or interfere with the schedules or assignments made by the Sheriff for employees of the Office of the Sheriff.

25. Plaintiff's duties and responsibilities include assisting the Sheriff in the day to day operations of the Sheriff's office, attending meetings and events as directed, handling confidential matters for the Sheriff.

26. Plaintiff performs these duties both at the Office the Sheriff and in remote locations as directed by the Sheriff.

27. From January 1, 2022 through September 30, 2022, Plaintiff received her bi-weekly pay from the County.

28. The County has a system called Kronos for employees to record their time worked and the time they enter leave the County buildings. The system uses a fingerprint scan.

29. From the beginning of her employment until March 2022, the County never requested or informed Plaintiff that it expected her to use Kronos as a condition of employment.

30. From January 2022 until 2024, the County had no policy requiring its employees to use Kronos.

31. From the beginning of her employment, Plaintiff, at the direction of the Sheriff, did not use Kronos to log the time she worked.

32. As her job duties require her to maintain the confidentiality of the separately elected office of the Sheriff, Plaintiff does not use the Kronos system as it would result in an unnecessary disclosure of confidential information, such as GPS location of the Sheriff.

33. In March 2022, the County issued a notice stating that all non-elected employees must utilize Kronos, and threatened that those who did not comply with progressive discipline, citing County Policy -HR Manual 7.5 and 8.3.

34. County Policy 7.5 makes no mention of Kronos and merely requires employees to follow their department's procedures for time and attendance.

35. County Policy 8.3 is a Safety and Security policy, not a payroll policy, which discusses the use of fingerprint scan into and out of the buildings

36. Following receipt of the March 2022 notice, Plaintiff submitted bi-weekly timesheets in which she reported her hours each work day, total hours worked as well as any time off used for vacation, sick or personal.

37. Each timesheet was reviewed by the Sheriff, approved and submitted to the Sheriff Department payroll clerk who included Plaintiff's payroll in the payroll report submitted to the County payroll department bi-weekly.

38. Upon receipt of the payroll report, prior to September 30, 2022, the County processed payroll and paid each employee either by check or direct deposit.

39. Each and every week from March 2022 through September 30, 2022 Plaintiff has submitted a verified timesheet and was paid her bi-weekly salary.

40. Due to the confidential nature of her position, Plaintiff continued to report her hours through written timesheets which were approved by the Sheriff and submitted through payroll.

41. At no time have the time sheets questioned or investigated, or even returned for non-compliance.

42. Plaintiff continued to be paid her salary based on the information in her timesheets through September, at which time the County ceased paying her salary.

6

43. The County claimed Plaintiff's salary was in "dock hold status" for failure to use Kronos.

44. Prior to its action terminating Plaintiff's pay:

    a.   The County did not issue a written notice to Plaintiff that it would take such action

    b.   The County did not engage in the employee discipline process.

45. Upon an inquiry made to the County by a member of the Sheriff's staff about the non-payment of wages for Plaintiff, which was due with the payroll issued on October 13, 2022, County Counsel Defendant Eric M. Campo falsely advised that the County is unable to pay employees who do not use Kronos and falsely accused Plaintiff of having a no-show job, despite all evidence to the contrary.

46. Defendant Campo has misrepresented the County's ability to pay Plaintiff as the County clearly had the capability to pay an employee who does not use Kronos, evidenced by the fact that it had paid Plaintiff since January 2022.

47. A male employee of the Sheriff's Office, who was appointed by the prior Sheriff before January 2022 does not utilize Kronos.   He uses handwritten timesheets, and has been consistently paid his salary based on timesheets he submitted.

48. Joann Schneider and Tracey Giordano repeated the false narrative regarding plaintiff's position and refused to process her payroll.

49. Giordano and Schneider each knew or should have known that refusing to pay an employee violated the employee's rights under state and federal law.

50. Despite months' worth of approved times-sheets', the County Administration has repeatedly referred to Plaintiff as a no-show employee and to her position as a no-show job.

51. The County has not paid Plaintiff since September 29, 2022 and owes almost two years' salary to Plaintiff.

52. The failure to pay plaintiff wages due violates both state and federal law.

53. On or about November 2022, plaintiff filed a claim with the New Jersey Wage and Hour Division which attempted to conduct an investigation but has not received any cooperation from the County.

54. In January 2023, the County, through Defendant Campo, threatened to terminate Plaintiff's health benefits effective April 1, 2023.

55. The termination of Plaintiff's health benefits was unwarranted, unlawful and retaliatory. In April 2023,only as a result of the within civil action and the threat of injunctive relief which would have been granted by the Superior Court did the County reverse its decision to terminate Plaintiff's health benefits and reinstated same, without reinstating her salary.

56. The County did not reinstate the other emollients of the position, including Plaintiff's pension enrollment.

57. The County has not followed procedures to discipline Plaintiff prior to terminating her pay because it lacks the authority to issue discipline to the Plaintiff.

58. At no time has the County attempted to utilize any progressive discipline or other process against Plaintiff to address the alleged violation of county policy.

59. Under N.J.S.A 40A:9- 117, neither County, nor any of the individual defendants, had the authority to issue discipline to the Plaintiff; despite lacking that authority, Defendants imposed the highest form of discipline on Plaintiff, forcing her to work without pay.

60. In March 2023, the County removed Plaintiff from its organizational chart.

61. Despite removing plaintiff from its organizational chart and terminating her pay, the defendants continue to authorize Plaintiff's access to County equipment, buildings, County email, and continues to authorize Plaintiff's use of her County issued identification and keyfob.

62. Despite removing Plaintiff from its organizational chart and terminating her pay, the defendants continue to include the Plaintiff in meetings and to share confidential information with her.

63. Despite removing plaintiff from its organizational chart and terminating her pay, Plaintiff remains authorized by the County of Gloucester to use an employee email address at which she receives all emails distributed to County employees, and email directed to her by personnel in the Office of the Sheriff, outside agencies and County employees in her capacity as the Confidential Aide to the Sheriff.

64. For all intents and purposes, except for payment of wages, defendants have treated plaintiff as the Confidential Aide to the Sheriff.

65. The County's improper conduct is motivated by political animus toward Plaintiff and her boss, Sheriff Jonathan Sammons.

66. Sheriff Sammons is the first Republican to be elected as a Constitutional officer in Gloucester County in decades. When Sheriff Sammons became sheriff, the County administrator, counsel, officers and officials lost control over the largest budget and office in the County, which they previously used freely for patronage positions, and to conceal budget increases that they could not put in the County wide budget due to budget increase caps.

67. Defendants have targeted Plaintiff based on her political affiliation with the Sheriff.

68. By targeting the Plaintiff, Defendants conspired to undermine the Sheriff and his ability to run the Office of the Sheriff.

9

69. By referring to Plaintiff as a "no-show" employee, despite overwhelming evidence to the contrary, Defendants have conspired to undermine the Sheriff and to interfere with his 2024 re-election bid.

70. Plaintiff has received notice from the New Jersey Department of Treasury Division of Pensions and Benefits that her pension account will expire on September 30, 2024 due to failure to maintain active membership.

71. Despite ongoing active employment, Defendant has failed and continues to fail to report plaintiff's active employment to the New Jersey Department of Treasury Division of Pensions and Benefits.

72. Each Defendant knows or should know that as an employee who is designated by the County as exempt for purposes of overtime under the Fair Labor Standards Act ("FLSA) 29 U.S.C.213 (a)(1) as a bona fide administrative employees, plaintiff must be paid her full salary bi-weekly without regard to the number of hours worked. 29 C.F.R. §541.602(a).

73. In light of the federally mandated requirement that Defendants pay plaintiff's bi-weekly salary without regard to whether she has used the Kronos system demonstrates pretext.

<u>**COUNT I**</u>
<u>**VIOLATION OF NEW JERSEY WAGE PAYMENT LAW**</u>
<u>**"WAGE THEFT LAW"- N.J.S.A 34:11-4.1**</u>

74. Plaintiff repeats the paragraphs above as though fully set forth.

75. New Jersey Wage Payment Law requires an employer to pay each employee the full amount of wages due at least twice during the calendar month on regular paydays designated in advance. Each regular payday must be no more than 10 working days after the end of the pay period for which payment is made.

76. Defendant Gloucester County has failed to pay Plaintiff wages for more than 600 days.

77. The said Defendant's conduct violated the Wage Payment Law.

78. These violations have occurred and continue to occur each day, and each pay-period that payment of wages been withheld constitutes a separate violation.

79. As a direct and proximate result of the said Defendants' unlawful conduct, Plaintiff has suffered and will continue to suffer damages, including economic loss.

80. Plaintiff is entitled to liquidated damages in an amount not less than 200% of the improperly withheld wages.

81. Defendant Gloucester County should be held liable for civil penalties of not less than $2000 for each violation of the Wage Payment Law.

WHEREFORE, Plaintiff demands judgment and an award of damages against the Defendant Gloucester County, together with back pay, liquidated damages, attorneys' fees, interest, costs of suit and any other relief the Court deems equitable and just.

## COUNT II
## DECLARATORY JUDGMENT PURSUANT TO N.J.S.A.
## 2A:16-5, *et seq.*

82. Plaintiff repeats the paragraphs above as though fully set forth.

83. At all times Plaintiff was an employee of the Office of the Sheriff of Gloucester County.

84. At all times relevant hereto, Plaintiff was the duly appointed Confidential Aide of the Sheriff of Gloucester County, rendered the services required of such public office, without bad faith, dishonesty, or fraud.

85. At all times, Plaintiff was recognized by the Sheriff of Gloucester County, Defendants, County employees and the public as the Confidential Aide to the Sheriff.

86. Pursuant to N.J. Stat. § 40A:9-6:

Any person who has held or who may hereafter hold, de facto, any office or position in the public service of any county or municipality, and who has or shall have performed the duties thereof, shall be entitled to the emoluments and compensation appropriate to such office or position for the time in fact so held and may recover therefor in any court of competent jurisdiction, notwithstanding any refusal or failure of any other person or officer to approve or authorize the payment of said emoluments and compensation.

87. Pursuant to N.J.S.A. §40A:9-6, Plaintiff is entitled to such emoluments and compensation including salary and other benefits of the position.

88. The County is required to pay Plaintiff her salary and to provide state health insurance and pension contributions and other benefits to which she is entitled.

89. The conduct of Defendants has violated N.J.S.A 40A:9-6.

WHEREFORE, Plaintiff demands judgment against the defendant and an Order in favor of the Plaintiffs against Defendants as follows:

a. Declaring that Plaintiff is the *de facto* public officer performing the position of Confidential Aide to the Sheriff of Gloucester County and is entitled to such emoluments and compensation including salary and other benefits of the position,

12

including pension contributions.

b.  Declaring Defendants conduct of withholding plaintiff's pay and failing to contribute to her pension to be unlawful under N.J.S.A. 40A:9-6 and N.J.S.A. 34:11-4.1.

c.  Ordering Defendants to pay plaintiff all wages improperly and unlawfully withheld, plus a sum to compensate Plaintiff for any adverse tax consequences and to reinstate Plaintiff as an active enrollee in the state pension.

d.  For an award of attorneys' fees, interest and costs of suit to Plaintiffs; and

e.  For such other relief as the Court may deem equitable and just.

**COUNT III**
**NEW JERSEY CIVIL RIGHTS ACT**
**PLAINTIFF V. INDIVIDUAL DEFENDANTS**

90. Plaintiff repeats the paragraphs above as though fully set forth.

91. A The actions of individual Defendants Schneider, Giordano, Bruner and Campo were taken under color of state law.

92. As a public employee in the State of New Jersey Plaintiff is entitled to due process protections from arbitrary action by her employer and its official, officers, directors and employees.

93. As a public employee Plaintiff is entitled to her position without interference based on political affiliation under the New Jersey Civil Rights Act and New Jersey Constitution.

94.  The individual Defendants were at all times responsible for the process of paying county employees, including plaintiff, pursuant to the New Jersey Wage Payment Law and the federal Fair Labor Standards Act.

95. Defendants knew or should have known that plaintiff has a constitutionally protected right to her employment, including the right to be paid for work performed and that, at a minimum, prior to taking any action to suspend plaintiff or to take a disciplinary deduction from her pay,

13

plaintiff was entitled to notice of any charges against, and an opportunity to be heard.

96. At all times, Defendants' actions were taken in deliberate indifference to Plaintiff's well established rights under the law. Said Defendants knew or should have known that not paying Plaintiff was unlawful and not reasonable under the law as established at the time they took said action.

97. At all times, the said Defendants' actions constituted a violation of Plaintiff's rights as they are protected by the New Jersey Civil Rights Act.

98. Plaintiff suffered damages as a direct result of Defendants' unlawful actions.

99. At all times, the said Defendants' actions as complained of above were willful, knowing, deliberate, wanton, malicious, and/or were made in reckless disregard of Plaintiff's civil rights and Plaintiff is entitled to receive an award of punitive damages.

WHEREFORE, plaintiff demands judgment and an award of damages against the defendants, jointly, severally and in the alternative, together with back pay, liquidated damages, attorneys' fees, interest, costs of suit and any other relief the Court deems equitable and just.

## COUNT IV
## VIOLATIONS OF THE FAIR LABOR STANARDS ACT
## 29 U.S.C.8213 (a)(1)
## PLAINTIFF V. COUNTY OF GLOUCESTER

100. Plaintiff repeats the paragraphs above as though fully set forth.

101. The Fair Labor Standards Act ("FLSA) 29 U.S.C. 206-207 requires that employers pay a minimum wage and overtime for hours worked in excess of 40 hours per week, unless they are exempt under the FLSA exemptions.

102. The FLSA exemptions are set forth in Section 213 of the FLSA, 29 U.S.C.213 (a)(1) and for purposes of this matter include an exemption for bona fide administrative employees.

103. The FLSA applies to public sector employees, such as the plaintiff.

104. Defendant, Gloucester County has determined that Plaintiff's position is exempt under the exemption which applies to bona fide administrative employees.

105. Defendant has deducted 100% of plaintiff's wages because she did not utilize a timekeeping system defendant has in place for hourly workers.

106. Such a deduction is in violation of the FLSA.

107. To the extent that Kronos would be used to track plaintiff's hours worked and result in deductions to plaintiff's wages, Defendant would fail to meet its burden of proving an exemption applied and owes Plaintiff, and similarly situated employees, overtime for all hours worked each week in excess of 40.

WHEREFORE, plaintiff demands judgment and an award of damages against the defendants, jointly, severally and in the alternative, together with back pay, liquidated damages, attorneys fees, interest, costs of suit and any other relief the Court deems equitable and just.

THE VIGILANTE LAW FIRM, P.C.
*Attorneys for Plaintiff*

By: /s/ Jacqueline M. Vigilante
Date: August 1, 2024                Jacqueline M. Vigilante, Esquire

15

<u>DEMAND FOR TRIAL BY JURY</u>

Demand is hereby made by Plaintiff for a trial by jury as to all issues on this cause of action.

<u>DESIGNATION OF TRIAL COUNSEL</u>

Pursuant to Rule 4:25-4, Jacqueline M. Vigilante, Esquire of The Vigilante Law Firm, P.C. is hereby designated as trial counsel on behalf of Plaintiff.

<u>CERTIFICATION PURSUANT TO R. 4:5-1</u>

I certify that the matter in controversy in this action is not the subject of any other action pending in any other court or of a pending arbitration proceeding and no other action or arbitration proceeding is contemplated.   I further certify that I am unaware of any other persons who should be named as parties in this action.

<u>CERTIFICATION OF COMPLIANCE WITH RULE 1:38-7(b)</u>

I certify that confidential personal identifiers have been redacted from documents now submitted to the Court and will be redacted from all documents submitted in the future in accordance with Rule 1:38-7(b).

THE VIGILANTE LAW FIRM, P.C.
*Attorneys for Plaintiff*

By: <u>/s/ Jacqueline M. Vigilante</u>

Date: August 1, 2024         Jacqueline M. Vigilante, Esquire

16